**Berenice Haupt JAMES et al.,**
**Appellants,**

v.

**Lodell Jackson HAUPT, Appellee.**

No. 1103.

Court of Civil Appeals of Texas, Tyler.

Oct. 26, 1978.

Rehearing Denied Nov. 22, 1978.

Clyde M. Marshall, Jr., Callaway & Marshall, J. Frank Roberts, Fort Worth, for appellants.

Fred Erisman, Longview, Gordon Wellborn, Wellborn, Houston, Bailey & Perry, Henderson, for appellee.

MOORE, Justice.

This is a will contest. Appellee, Lodell Jackson Haupt, filed an application in the County Court of Gregg County, Texas, seeking to have the will of her deceased husband, C. P. Haupt, Sr., admitted to probate. The will was dated September 23, 1976. Two of the adult children of her deceased husband by a former marriage, Clarence Philip Haupt, Jr., and Berenice Haupt James, appellants, hereinafter referred to as Contestants, contested the application to probate the will and in lieu thereof applied for the probate of an earlier will dated April 1, 1976. By agreement of the parties, the cause in its entirety was

transferred to the District Court of Gregg County for trial. The cause was subsequently tried before a jury. Pursuant to the jury's findings, the trial court entered judgment on the verdict in favor of appellee, hereinafter referred to as Proponent, admitting to probate the September 23, 1976 will, and denying the Contestant's application to probate the instrument dated April 1, 1976. From such order and judgment Contestants perfected this appeal.

We affirm the trial court.

The undisputed evidence shows that the testator requested his attorney, Philip Brin, Esq., to prepare the will and requested E. B. Jennings and Harvey Holmes to come to his house and act as witnesses to the will. The evidence shows that the witnesses and the attorneys met at the house of the testator at approximately 4:00 P.M. on September 23, 1976, where the testator executed the will in the presence of the witnesses and his attorney while seated at the kitchen table. The record reveals that the will dated September 23, 1976, offered by the Proponent contained self-proving affidavits in the form and contents substantially in accordance with the form suggested with the Texas Probate Code Ann. sec. 59 (Supp.1978). The first three pages of the September 23, 1976 instrument contained the will with a place for the signature of the testator and the attesting witnesses on the third page. The remainder of the instrument contained a self-proving affidavit with a line for the signatures of the testator and the attesting witnesses on the fourth page.

Both witnesses testified that they saw the testator sign his name on page three of the instrument in their presence. They further testified that they signed as witnesses on page three of the instrument in the presence of the testator. The witnesses testified that they saw the testator sign the instrument on page four in their presence and that they signed as witnesses on page four of the instrument in the presence of the testator. The foregoing testimony is undisputed.

In response to six special issues, the jury found that (1) C. P. Haupt, Sr., signed the instrument dated September 23, 1976, in the presence of Harvey Holmes and E. B. Jennings; (2) that Harvey Holmes and E. B. Jennings signed the instrument dated September 23, 1976, in the presence of C. P. Haupt, Sr.; (3) that at the time C. P. Haupt, Sr., executed the instrument dated September 23, 1976, he was of sound mind; (4) that he was not induced to make said will as the result of undue influence; (5) that at the time E. B. Jennings signed the former will dated April 1, 1976, as a witness he was not in the presence of the testator, C. P. Haupt, Sr.; and (6) that at the time Harvey Holmes signed the previous will dated April 1, 1976, as a witness, he was not in the presence of the testator, C. P. Haupt, Sr.

By their first three points of error, Contestants seek a reversal on the ground that the Proponent failed to discharge her burden of proving and obtaining jury findings establishing that the will was executed with the formalities and solemnities required by sec. 59 of the Texas Probate Code.[1] Narrowed still further, Contestants contend that due to the wording of the first and second[2] special issues inquiring only as to

1. Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two (2) or more credible witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator. Such a will or testament may, at the time of its execution or at any subsequent date during the lifetime of the testator and the witnesses, be made self-proved, and the testimony of the witnesses in the pro-

bate thereof may be made unnecessary, by the affidavits of the testator and the attesting witnesses, made before an officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under the laws of this State . . . .

2. SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that C. P. Haupt, Sr., signed the original copy of the instrument dated September 23, 1976, in the presence of Harvey Holmes and E. B. Jennings? Answer: Yes.

whether the testator signed "the *instrument* . . . dated September 23, 1976," the jury's affirmative answers are ambiguous in that it is impossible to discern whether the jury found that the testator and the attesting witnesses signed the will as distinguished from the self-proving affidavit attached thereto. Contestants therefore contend that the trial court erred in refusing to disregard the jury's finding to Special Issues Nos. 1 and 2. Based on this premise, Contestants maintain that Proponent failed to establish that the will was executed in accordance with the formalities required by the statute and that the trial court erred in ordering the will admitted to probate. We are not in accord with this proposition.

■ It is well settled that where the proponent offers a will for probate with a self-proving affidavit attached, the burden of proving testamentary capacity remains upon the proponent. But once the self-proved will is admitted into evidence, proponent makes out a prima facie case that the will has been properly executed, and contestants must go forward with the evidence to overcome the prima facie case. *Reynolds v. Park,* 485 S.W.2d 807, 815–16 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.); *Soto v. Ledezma,* 529 S.W.2d 847, 851–52 (Tex.Civ.App.—Corpus Christi 1975, no writ); *In re Estate of Rosborough, Jr.,* 542 S.W.2d 685, 688 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.).

The instrument dated September 23, 1976, shows to have been signed "C. P. Haupt" on page three at the conclusion of the will and following his signature shows to have been signed by E. B. Jennings and Harvey Holmes. On the fourth page of the instrument at the conclusion of the self-proving affidavit, the instrument was signed "C. P. Haupt," and immediately following, the instrument shows to have been signed by Jennings and Holmes. Both attesting witnesses as well as testator's attorney testified that Mr. Haupt signed the instrument at both places in the presence of

the attesting witnesses while seated at his kitchen table. The subscribing witnesses' testimony that they signed the instrument at his request on pages three and four of the instrument is corroborated by Mr. Brin. Contestants registered no objection at the time the will was offered in evidence. After a careful review of the record we fail to find any evidence, circumstantial or otherwise, which would raise a fact issue for the jury on the question of whether the will was executed in accordance with the formalities and solemnities required by the statute.

■ It is not necessary for the trial court to submit an issue on an undisputed fact. Rule 272, Tex.R.Civ.P.; *Sullivan v. Barnett,* 471 S.W.2d 39, 44 (Tex.1971). Only the controlling issues raised by the pleading and evidence need be submitted. Rule 279, Tex. R.Civ.P.; *Simmons Motor Co. v. Mosley,* 379 S.W.2d 711, 715 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.). Consequently, even assuming arguendo, as Contestants argue, that the jury's answers to the issues are ambiguous, the issues were superfluous since the facts inquired about therein are undisputed. It follows that Proponent discharged her burden of establishing that the will was executed with the formalities and solemnities required by the statute irrespective of the jury's answers to Special Issues Nos. 1 and 2.

■ This is not to say that we agree with Contestants' contention that the issues and the jury's answers are so ambiguous that it is impossible to discern whether the jury found that the testator and the attesting witnesses signed the will as distinguished from the self-proving affidavit. While the issues are broad and inquire only as to whether the testator and the attesting witnesses in the presence of one another signed the *instrument,* Contestants leveled no objection to either issue. Pursuant to the 1973 amendment to Rule 277, Tex.R.Civ.P., the trial court is authorized to submit broad issues to the jury. Contestants have no

SPECIAL ISSUE NO. 2: Do you find from a preponderance of the evidence that Harvey Holmes and E. B. Jennings signed the original copy of the instrument dated September 23, 1976, in the presence of C. P. Haupt, Sr.? Answer Yes.

points of error challenging the jury's finding on the ground that the findings made therein are not supported by the evidence. In the absence of any objection to the issues and in the absence of any contentions that the findings are not supported by the evidence, we think the jury's answers are sufficient to establish that (1) the testator signed both the will and the self-proving affidavit; (2) that he did so in the presence of the attesting witnesses; (3) that the attesting witnesses signed both the will and the self-proving affidavit; and (4) that they did so in the presence of the testator. Thus, we think the issues were sufficient to establish that the will was executed in conformity with the formalities required by the statute and that the trial court was authorized to enter judgment based thereon.

■ Contestants further argue that there was a fatal gap in the proof because the Proponent failed to obtain a jury finding that the testator signed the will prior to the time Jennings and Holmes signed as subscribing witnesses. We find no merit in this contention. The basis of Contestants' contention arises out of a conflict in the testimony of the subscribing witness E. B. Jennings. Although Jennings testified that the testator signed the will in the presence of both he and Holmes and also testified that they signed the will as attesting witnesses in his presence, he further testified that he signed as a witness prior to the time the testator affixed his signature.

It has been held or recognized in this state, as well as many other jurisdictions, that where the execution and attestation of a will occurs at the same time and place and form parts of the same transaction, it is immaterial that the witnesses subscribe before the testator signs. *Ludwick v. Fowler,* 193 S.W.2d 692, 695 (Tex.Civ.App.—Dallas 1946, writ ref'd n. r. e.); *Guest v. Guest,* 235 S.W.2d 710, 713 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n. r. e.); 91 A.L.R.2d 738–39; contra see *Kveton v. Keding,* 286 S.W. 673 (Tex.Civ.App.—Galveston 1926, writ dism'd).

■ We likewise find no merit in Contestants' contention that Proponent failed to discharge her burden of proof in failing to submit and obtain a jury finding that the testator knew and understood the contents of the September 23, 1976 will. It must be presumed that the testator knew of the provisions of his will. 61 Tex.Jur.2d sec. 174, p. 304; *Volkmer v. Chase,* 354 S.W.2d 611, 614 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.). We find no evidence of probative force to the contrary. Points one through three are overruled.

Under the fourth, fifth and sixth points, Contestants complain of the manner in which the question of the mental capacity of the testator was submitted to the jury. By Special Issue No. 3 the court instructed the jury to find from a preponderance of the evidence whether, at the time testator executed the instrument dated September 23, 1976, he was of sound mind. The trial court then instructed the jury of the meaning of "sound mind" and requested the jury to answer whether he was or was not of sound mind. Contestants objected to the submission of the issue on the ground that the soundness of mind constituted an evidentiary issue rather than the ultimate issue of testamentary capacity. Contestants tendered a specially requested issue inquiring as to whether the testator had testamentary capacity at the time he executed the will offered by Proponent. They also tendered a requested special instruction defining the term "testamentary capacity." Contestants contend that the trial court erred in overruling their objections to the charge and refusing to submit the issue of testamentary capacity rather than whether the testator was of sound mind.

In connection with Special Issue No. 3 inquiring whether the testator was of sound mind, the trial court instructed the jury as follows:

In connection with this special issue, you are instructed that the term 'sound mind' means that C. P. Haupt, Sr., at the time of the execution of the will, must have had sufficient mental ability to understand the business in which he was engaged, the effect of his act in making the will, and the nature and extent of his

property: He must have been able to know his next of kin, and the natural objects of his bounty and their claims upon him: and he must have had memory sufficient to collect in his mind the elements of the business about to be transacted, and to hold them long enough to perceive at least their obvious relation to each other, and to be able to form a reasonable judgment as to them.

The substance of Contestants' special requested definition of "testamentary capacity" is practically the same as the court's definition of "sound mind" quoted above. The trial court's definition of "sound mind" is identical with the definition in *Williford v. Masten,* 521 S.W.2d 878, 884 (Tex.Civ. App.—Amarillo 1975, writ ref'd n. r. e.). In that case the court made the following observation at page 884:

There has been consistent recognition and approval of the above definition of sound mind. See *Welch v. Shoubrouek,* 260 S.W.2d 84, 86 (Tex.Civ.App.—Beaumont 1953, no writ) on the authority of *Morris v. Morris,* 279 S.W. 806 (Tex. Comm'n App. 1926, jdgmt. adopted); *Oliver v. Williams,* 381 S.W.2d 703 (Tex.Civ. App.—Corpus Christi 1964, no writ); *Lindley v. Lindley,* 384 S.W.2d 676 (Tex. 1964), and *Reynolds v. Park,* 485 S.W.2d 807 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.). The proponents have the burden of proving all of those elements set out in the charge in order to establish that the testatrix was of sound mind at the time of her execution of the instrument in question.

■ The cases are legion holding that "sound mind," as defined by the court, is the same as testamentary capacity. *Nass v. Nass,* 224 S.W.2d 280, 283 (Tex.Civ.App.— Galveston, 1949, citing cases, affirmed 228 S.W.2d 130); *Anderson v. Clingingsmith,* 369 S.W.2d 634, 637 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e., citing cases). Thus, by finding that the testator was of "sound mind" the jury found, in effect that he had testamentary capacity. For this reason we cannot agree with Contestants' contention that the manner in which the special issue was submitted would lessen the burden on the Proponent in that the jury would be less inclined to find that the testator was not of sound mind than that he lacked testamentary capacity. We have found no case, and have been cited to none, holding it reversible error to submit the issue of mental capacity on the basis of whether the testator was of sound mind where such issue is accompanied with an instruction embracing all the elements of testamentary capacity. We overrule Contestants' points contending that the court erred in refusing to submit the issue on the basis whether the testator had "testamentary capacity" and erred in refusing the requested definition in connection therewith.

■ By the eighth point Contestants contend that the action of the court in sustaining the Proponent's objection to the admissibility in evidence of the prior will dated April 1, 1976, constituted a prejudicial comment on the weight of the evidence. The record reveals that Contestants offered the prior will into evidence on three separate occasions. Proponent objected on the ground that a proper predicate had not been laid. In response to the first and second objection the court merely announced "sustained." On the third offer the court overruled the objection and admitted the prior will in evidence. We fail to see how the mere sustaining of an objection could amount to a comment on the weight of the evidence. The point is found to be without merit and is therefore overruled.

Contestants complain in their eighth point of the action of the trial court in excluding certain portions of a letter written by the Proponent to the testator's ex-wife more than thirty-eight years prior to the execution of the will offered by Proponent. Contestants registered no objection to the trial court's ruling. It is well settled that a point raised for the first time on appeal will not be considered by the appellate court. 3 Tex.Jur.2d Appeal & Error— Civil Cases, sec. 98, pp. 422–24.

■ The ninth point complains of the argument made by Proponent's counsel. The improper jury argument urged is with respect to a comment by counsel advising the jury that although he called the Propo-

nent, Mrs. Haupt, as a witness, he was not permitted by law to question her with regard to any transaction with the testator, but that Contestants had a right to question her about "anything they wanted to." Counsel for Contestants objected and moved the court to instruct the jury not to consider such statement on the ground "that urging of the Dead Man's Statute, Article 3716 [Tex.Rev.Civ.Stat.Ann. art. 3716 (1926)] is not subject to argument to the jury." The court sustained the objection and instructed the jury not to consider the remarks. We are of the opinion that the argument was within the legitimate scope of the court's charge on the subject and therefore was not error.

The record shows that the court, in accordance with Rule 182a, Tex.R.Civ.P., charged the jury that neither party was allowed to testify against the other as to any transaction with a statement by the testator, unless called upon to testify thereto by the opposite party. The effect of this argument was to tell the jury that the Contestants could have questioned Mrs. Haupt about "anything they wanted to" including transactions with the deceased if they chose to do so. The court so charged the jury and therefore counsel had a right to comment upon it in his argument to the jury. *Fox v. Lewis,* 344 S.W.2d 731, 739–40 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.). The ninth point is overruled.

In the tenth and final point, complaint is made of the closing argument wherein counsel for the Proponent commented on the fact that the notary who executed the jurat on the self-proving affidavit attached to the April 1, 1976 will relied on by Contestants, was not called as a witness to rebut the testimony of the attesting witnesses that they never appeared before the notary or swore to the instrument. Contestants objected on the ground that the notary was subject to subpoena by Proponent and that it was improper to comment on the fact that they did not call him as a witness. The court sustained the objection and at Contestants' request instructed the jury not to consider the same.

Much could be written on whether under the circumstances the argument was im-proper. In the interest of brevity we shall assume, arguendo, that it was.

It seems to be the rule in this State that when the error occasioned by an improper argument is curable and an objection thereto is sustained, a claim of reversible error cannot be predicated upon (such argument). . . .

The sustaining of an objection to an argument impliedly carries with it an indication of disapproval, and if more be required an appropriate request should be made. In cases of curable error the judgment will not be reversed when it appears that the trial court has sustained the objections made, and given all requested instructions with reference to the argument complained of. *Rogers v. Broughton,* 277 S.W.2d 121 (Tex.Civ.App. —San Antonio 1965, writ ref'd n. r. e.).

█ We do not regard the argument complained of here as being beyond correction by means of a proper instruction. *Ramirez v. Acker,* 134 Tex. 647, 138 S.W.2d 1054, 1056 (1940); *Younger Bros., Inc. v. Myers,* 159 Tex. 585, 324 S.W.2d 546 (1959). The error, if any, was cured by the instruction to disregard. Contestants' tenth point is overruled.

The judgment is affirmed.