**Virginia M. CROUCHER, Appellant,**

v.

**James W. CROUCHER, Jr., and Kenneth J. Croucher, Appellees.**

**No. 7152.**

Court of Appeals of Texas, El Paso.

Oct. 20, 1982.

Opinion on Motion for Rehearing, Nov. 24, 1982.

James T. Allen, Johnson, Allen & Serwatka, P.C., El Paso, for appellant.

Ken Powell, El Paso, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Virginia M. Croucher appeals from an order in probate court declaring Mr. Croucher's last will and testament to be null and void and refusing to admit it to probate. We reverse and render.

Mr. and Mrs. Croucher were married in September, 1974. They both had previously been married and he had two grown boys and she one grown daughter from the prior marriages. He executed his last will and testament on July 7, 1980, and died August 17, 1980. This will left his entire estate to his surviving wife, Virginia, and appointed her independent executrix. The contestants of the will are Mr. Croucher's two sons, James and Kenneth, by a prior marriage. The will is a self-proving instrument within the terms of the probate code and was admitted into evidence without proof of its execution. *Boren v. Boren,* 402 S.W.2d 728 (Tex.1966); Section 84(a), Tex.Prob.Code. Once the will was admitted into evidence, the proponent made out a prima facie case and the burden was then on the contestants to produce evidence that the testator was not of sound mind at the time the will was executed. *James v. Haupt,* 573 S.W.2d 285 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r. e.); *Reynolds v. Park,* 485 S.W.2d 807 (Tex. Civ.App.—Amarillo 1972, writ ref'd n.r.e.); *Brewer v. Foreman,* 362 S.W.2d 350 (Tex. Civ.App.—Houston 1962, no writ); Section 88(b), Tex.Prob.Code. In this case, the court submitted two issues to the jury. By their answers they failed to find testamentary capacity and found undue influence upon the testator.

The contestants offered in evidence the testator's medical records from William Beaumont Hospital which consist of over 300 pages. These reflect substantial physical problems over a period of two or three years prior to Mr. Croucher's death. These records reflect a mild or diminished flow of circulation in the right and left carotid arteries in December, 1979. In March, 1980, he was admitted to the hospital for an arteriogram. The neurological examination indicated the patient's memory was sketchy and he seemed at times to be confused. He was diagnosed as having among other problems "carotid occlusive disease with totally occluded right internal carotid artery." He was last admitted to the hospital on August 12, 1980, and the records at that time reflect "decreasing mental status for one month."

The proponent offered the testimony of a witness and notary who were present when the will was executed. They testified that Mr. Croucher's mental state was not impaired and that he was not under duress. Mrs. Croucher, the beneficiary under the will, testified her husband's mental state was not impaired until about a month before he was hospitalized just prior to his death. Three close personal friends testified to being with Mr. Croucher at a party

at his house on July 4, 1980, and that he was alert and mentally competent at that time. The only decline that was noticed by any of these friends was near the end of July.

The Appellant presents two points of error which attack each of the jury findings on grounds of no evidence and insufficient evidence. In passing on these points we apply the standard set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). In *Lee v. Lee*, 424 S.W.2d 609 (Tex.1968), the court said the inquiry in a will contest on the ground of testamentary incapacity is the condition of the testator's mind on the day the will was executed. The court also said:

> However, only that evidence of incompetency at other times has probative force which demonstrates that that condition persists and "has some probability of being the same condition which obtained at the time of the wills making. * * *" 1 McCormick & Ray, Texas Law of Evidence Section 896, at 675 (2d ed. 1956); Annot. 168 A.L.R. 969 (1947).

In this case, when we consider all the evidence, we conclude that there is insufficient evidence to support the jury's answers to the two special issues. There was testimony about Mr. Croucher's mental condition the day the will was executed, at a party at his house three days earlier and even by a close friend who was a physician and who saw him some time after the will was executed. Two of these witnesses had known Mr. Croucher for over twenty years and saw him on a regular basis. All agreed that he was mentally alert and a competent person during the first part of July, 1980. No witness testified otherwise. The medical records reflect substantial physical problems, but mental capacity cannot be inferred from physical infirmities. *Cruz v. Prado*, 239 S.W.2d 650 (Tex.Civ.App.—San Antonio 1951, no writ). There is nothing in the medical records to reflect that on July 7, 1980, Mr. Croucher did not have testamentary incapacity.

Likewise, there is no evidence of undue influence by Virginia Croucher at the time the will was executed. As in *In the Matter of the Estate of M. R. Woods, Deceased*, 542 S.W.2d 845 (Tex.1976), there is no evidence showing that influence was effectively used to subvert the mind of the testator and that the will would not have been executed but for such influence. A will cannot be set aside on proof of facts which do no more than show an opportunity to exercise influence. In this case, all of the evidence is contrary to the jury finding and establishes that there was no duress or undue influence.

We therefore sustain both the no evidence and the insufficient evidence points. In reaching this result, we overrule Appellees' contention that Appellant's motion for judgment non obstante veredicto was never ruled on by the trial court. We conclude that the recitals in the judgment show otherwise.

The judgment of the trial court is reversed, and judgment is rendered for Appellant ordering that the will be admitted to probate as the last will and testament of James W. Croucher, deceased, and that Virginia M. Croucher be appointed independent executrix of such will without bond and that there be an independent administration upon the estate of James W. Croucher, deceased.

## ON MOTION FOR REHEARING

The Appellees, in their motion for rehearing, argue under their first point of error that we erred in sustaining the Appellant's Point of Error No. One because the burden of proof was on the proponents to establish testamentary capacity of the testator and the negative answer by the jury was only a failure to find affirmatively for the proponents, and that it does not take any evidence to support a negative answer on that issue. While we recognize the contention presented by the Appellees, we concluded in our original disposition of this case that the Appellant's first point of error was not properly written to present the contention made in the argument under that point. The concluding sentence in the argument under Point of Error No. One

asserted that "JAMES W. CROUCHER had testamentary capacity on July 7, 1981." The conclusion to the brief asserts the judgment of the trial court should be reversed and judgment rendered for the Appellant. Under the holding in *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976), we not only can, but are compelled to, consider a contention that a party has established an issue as a matter of law under a point of error asserting that there was no evidence to support the jury finding. We did that in this case. In passing on such an issue, the court is required to review all the evidence in the record to determine whether an affirmative response to the issue attacked was established as a matter of law. *Visage v. Marshall*, 632 S.W.2d 667 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). The Appellees' first point of error in the motion for rehearing is overruled. We have considered the other points and they also are overruled.