**In the Estate of Edmundo J. GOMEZ, Jr., Deceased.**

No. 04–04–00542–CV.

Court of Appeals of Texas, San Antonio.

Feb. 2, 2005.

Rehearing Overruled March 4, 2005.

Robert J. Ogle, Law Office of Robert J. Ogle, P.C., Boerne, Michael B. Clark, The Clark Law Firm, San Antonio, for appellant.

Renee Forinash McElhaney, Natalie L. Hall, Cox & Smith Incorporated, Kathleen A. Hurren, Susan E. Dvorak, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

PER CURIAM.

Rose Gomez passed away in May of 2002. She was preceded in death by her husband, Edmundo Gomez, who passed away in 2001. Their grandchildren, Jeffrey and Gregory Richards ("Richards"), filed an application to probate the wills executed by Mr. and Mrs. Gomez in 1991. Robert Gomez ("Gomez"), Mr. and Mrs. Gomez's son, opposed the wills, contending that they had been revoked by wills executed in 2000. Gomez also filed an application to probate the 2000 wills. The Richards opposed Gomez's application on the basis that the 2000 wills were executed at a time when Mr. and Mrs. Gomez lacked capacity and that the 2000 wills were the result of undue influence.

A jury trial was held on the issues pertaining to the 2000 wills, and a jury found undue influence and lack of capacity. The probate court entered a judgment: (1) denying Gomez's application to probate the 2000 wills; (2) setting aside a deed signed at a time that Mr. and Mrs. Gomez lacked capacity; (3) setting aside an account opened at a time that Mrs. Gomez lacked capacity; and (4) awarding the Richards attorneys' fees for contesting the 2000 wills.

Gomez filed a notice of appeal but later filed a motion in this court seeking to have the appeal abated because his notice of appeal was prematurely filed. This court ordered briefing on the jurisdictional issue of whether the probate court's judgment is appealable. The briefing is complete.

■ The test for determining whether a probate court order is appealable is as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceeding to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of the proceeding raise issues or parties not disposed of, then the probate order in interlocutory.

*Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995). This test modifies the "one final judgment" rule because of the "need to review controlling, intermediate decisions before an error can harm later phases of the proceeding." *In re Estate of Padilla,* 103 S.W.3d 563, 566 (Tex.App.-San Antonio 2003, no pet.). The test has been described as permitting an appeal where an order "adjudicate[s] conclusively a controverted question or substantial right" or "finally dispose[s] of the issue or controverted question for which that particular part of the proceeding was

brought." *Logan v. McDaniel,* 21 S.W.3d 683, 688 (Tex.App.-Austin 2000, pet. denied); *Spies v. Milner,* 928 S.W.2d 317, 318 (Tex.App.-Fort Worth 1996, no pet.).

■ With regard to the judgment in this case, a specific statutory provision governs the procedure to be followed by a trial court when a second application for the probate of a will is filed at a time when the original application has not been heard. *See* TEX. PROB.CODE ANN. § 83(a) (Vernon 2003). Section 83(a) provides:

> If, after an application for the probate of a will or for the appointment of a general personal representative has been filed, and before such application has been heard, an application for the probate of a will of the decedent, not theretofore presented for probate, is filed, the court shall hear both applications together and determine what instrument, if any, should be admitted to probate, or whether the decedent died intestate.

*Id.* This court has held that Section 83(a) "mandates that a court hear together different applications for probate of multiple wills" and that "[t]he mandatory nature of this section leads to a reasonable inference that the drafters of the probate code favor the use of a single proceeding to determine the validity of multiple wills." *Harkins v. Crews,* 907 S.W.2d 51, 57 (Tex.App.-San Antonio 1995, writ denied).

Applying the test set forth in *Crowson,* Section 83(a) is an "express statute." *See Crowson,* 897 S.W.2d at 783. Although Section 83(a) does not expressly "declar[e][a] phase of the probate proceeding to be final and appealable," it requires a trial court to rule on two pending will applications at the same time and determine which will should be admitted to probate. *See id.* Accordingly, Section 83(a) controls the finality of a judgment when two competing will applications are pending because it dictates the procedure to be followed by the trial court. *See id.;*

see also *McClure v. JPMorgan Chase Bank,* 147 S.W.3d 648 (Tex.App.-Fort Worth 2004, pet. filed) (holding nonsuit of second will application necessary to make a partial summary judgment order final where two competing will applications had been filed). Because the trial court has not ruled on the Richards' application for the probate of the 1991 wills and has not determined what instrument, if any, should be admitted to probate, the trial court's judgment denying the application to probate the 2000 wills is not appealable.

Appellant has requested that this appeal be abated until the trial court enters an appealable judgment. Given the uncertainty of the trial court's ultimate ruling and the time it may take to reach a final ruling, we deny appellant's request. The appeal is dismissed for lack of jurisdiction. In the event a second appeal is filed, this court will entertain a motion to transfer the records from this appeal to the newly filed appeal.