Opinion issued February 5, 2009




 












In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00079-CV

__________


THOMAS BENNETT, INDEPENDENT EXECUTOR OF THE ESTATE OF
MYRTLE BENNETT, Appellant


V.


ARCHIE SEALS, INDEPENDENT EXECUTOR OF THE ESTATE OF
JULIA MAE WARNER THOMPSON, Appellee






On Appeal from the County Court at Law

Austin County, Texas

Trial Court Cause No. 07PR8934






MEMORANDUM OPINION

 Appellant, Thomas Bennett, independent executor of the estate of Myrtle
Bennett, challenges the trial court's order admitting to probate a will of Julia Mae
Warner Thompson executed in 2006 (the "2006 will") and the trial court's final
judgment entered after a jury trial in favor of appellee, Archie Seals, independent
executor of the estate of Julia Mae Warner Thompson. In a single issue, Bennett
contends that the trial court erred in admitting the 2006 will to probate and in entering
the final judgment on Bennett's will contest "due to the fact that an application to
probate a competing will [had been] filed before" the trial court had held its hearing
on Seals's application to probate the 2006 will. 

 We affirm. 

Factual and Procedural Background

 On March 31, 2007, Julia Mae Warner Thompson died. On April 5, 2007,
Archie Seals filed an application to probate Thompson's 2006 will. In his
application, Seals asserted, among other things, that Thompson's 2006 will was valid
and had never been revoked. Seals attached to his application a copy of the 2006
will, which contained a clause "revoking all wills and codicils heretofore made," as
well as a self-proving affidavit. On April 13, 2007, Mrytle Lee Bennett (1) filed an
application to probate a will that Thompson had executed in 1994 (the "1994 will"). 
In her application, Bennett asserted, among other things, that Thompson's 1994 will
was valid and had never been revoked. Bennett attached to her application a copy of
the 1994 will, which also contained a self-proving affidavit. In her application,
Bennett did not make any references to or attacks against Thompson's 2006 will, and,
at this time, Bennett filed no other pleadings contesting the 2006 will.

 The trial court, on April 30, 2007, conducted a proceeding (2) at which both Seals
and Bennett appeared in support of their respective applications. The trial court, after
noting that it would consider both applications at the proceeding, asked the parties
for guidance on how to properly consider the applications. Seals contended that he
should be entitled to prove up the 2006 will, and Bennett contended that she was
seeking to prove "that the 1994 will [was] the only valid will." The trial court noted
that neither party had filed any pleadings or objections contesting the other will, and
the trial court questioned whether "the mere fact of filing two applications [rose] to
the level of a contest." In response to this question, Bennett asserted that the filing
of two wills necessarily resulted in a contest, while Seals suggested that the trial court
simply provide both parties the opportunity at the proceeding to prove up the
respective wills. The trial court, without expressly stating on the record at this time
that it would be conducting a bench trial on a will contest, agreed with the procedure
suggested by Seals, and it instructed Seals to go forward with his case and application
first. Bennett did not object to the trial court's procedure.

 Seals testified, among other things, that Thompson's signature appeared on the
2006 will, Thompson had not revoked the 2006 will, the 2006 will named him as the
executor, and he was qualified to serve as executor. The trial court then instructed
Bennett that she would be allowed to cross-examine Seals. Prior to commencing her
cross-examination, Bennett stated that she was appearing to contest the 2006 will and
that she would be submitting her own application. Bennett then stated that she would
like to continue with her cross-examination of Seals. Seals objected to Bennett's
assertion that she would be contesting the will at the proceeding, and Seals asserted
that Bennett had not filed any pleadings formally contesting the 2006 will. Seals
specifically stated, "I am not agreeing [Bennett] can contest it; I am objecting because
there are no pleadings." The trial court did not rule on any of these objections, but
rather instructed Bennett to continue with her cross-examination of Seals. 

 Bennett then continued her cross-examination of Seals, and she asked Seals
numerous questions pertaining to Thompson's health, medical conditions, physical
conditions, living arrangements, financial situation, family life, and state of mind at
or around the time of Thompson's execution of the 2006 will. For example, Bennett
asked Seals if he knew whether Thompson had suffered from Alzheimer's disease or
dementia, and Bennett also asked Seals whether Thompson was too confused to
handle her own affairs beginning in May 2006, prior to Thompson's execution of the
2006 will. Bennett also confirmed that Seals was not present at Thompson's
execution of the 2006 will. 

 During this cross-examination, Seals objected to Bennett's line of questioning,
and, on one occasion, Seals objected on the ground that there were "no pleadings" to
support Bennett's questioning and there had been "no filing of a contest." In
response to Seals's objections, Bennett explained that she was pursuing the
questioning to establish whether Thompson had the "legal capacity" and "mental
capacity" to execute the 2006 will. Although the trial court did not explicitly rule on
these objections, the trial court stated that it would allow Bennett to proceed with her
questioning and instructed Seals to answer the questions. Following additional
objections, Bennett then made an unsolicited offer to "curtail" some of her
questioning, suggesting that she might pursue more questioning at a "contest down
the road." The parties and the trial court then engaged in additional discussion about
the proper scope of the proceeding, and the trial court again instructed Bennett that
she should pursue her questioning of Seals at the instant proceeding regarding the
2006 will. The trial court specifically instructed Bennett to ask questions "to contest"
the application of the 2006 will, and Bennett reiterated that she was appearing "to
contest the will" and stated that "both wills must be heard simultaneously under the
[Texas Probate] Code." In response to Bennett's demand, the trial court explained,
"I will be hearing two applications today and then mak[ing] a ruling on admitting one
of them." Again, Bennett did not object to the trial court's procedure; instead, she
concluded her questioning of Seals and then closed his case in support of admitting
the 2006 will. 

 The trial court then asked Bennett if she had any witnesses, and Bennett
informed the trial court that she would be presenting her own testimony in support of
the 1994 will. Bennett testified, among other things, that the 1994 will was valid and
had not been revoked. The trial court provided Seals the opportunity to cross-examine Bennett, but Seals elected not to do so. At the conclusion of her case,
Bennett then sought to offer into evidence Thompson's medical records, which
related to the admission of the 2006 will. Seals objected to the offer of medical
records and claimed surprise on the grounds that there had been no pleadings filed to
contest the 2006 will. This time, the trial court, after asking if the records related to
the 1994 will, in apparent contradiction to its earlier rulings allowing the parties to
contest the applications, sustained Seals's objection. At the conclusion of the
proceeding, the trial court stated on the record that it had been presented with two
self-proved wills. The trial court admitted the 2006 will to probate and appointed
Seals as independent executor, noting that the first paragraph of the 2006 will
revoked all prior wills. The trial court subsequently signed a written order, admitting
the 2006 will to probate. The trial court's written order contained no reference to the
1994 will. 

 On May 1, 2007, Bennett filed a pleading opposing the admission of the 2006
will to probate, arguing that the 2006 will should not be admitted to probate because
Thompson lacked "the mental or legal capacity to execute" the 2006 will. Bennett
asserted that Thompson had executed the 2006 will "as a result of undue influence
exerted over" her by the named executor, Mike Mueller, who had waived his right to
serve as executor in favor of Seals. In her pleading contesting the admission of the
2006 will, Bennett requested that the trial court declare the 2006 will invalid and
issue her letters testamentary in accord with the 1994 will.

 The trial court then conducted a jury trial on Bennett's contest. The jury was
asked to determine (1) whether Thompson had lacked testamentary capacity at the
time she had executed the 2006 will and (2) whether Thompson had executed the
2006 will as a result of undue influence exerted by Mueller. The jury answered "no"
to both questions. After the jury trial, the trial court signed a final judgment,
consistent with the jury's verdict, ordering that Bennett take nothing in her contest
and that the 2006 will, which had been previously admitted to probate, not be set
aside. 

Will Contest

 In a single issue, Bennett argues that the trial court erred in admitting
Thompson's 2006 will to probate and in subsequently entering a final judgment after
a jury trial on Bennett's will contest because Bennett had submitted a "competing"
application to probate the 1994 will before the trial court held its hearing on Seals's
application to probate the 2006 will. Bennett, citing sections 21 and 83(a) of the
Texas Probate Code, (3) asserts that the trial court "was required to hold a jury trial on
both wills simultaneously to determine their validity." Bennett asks this Court to
reverse the trial court's final judgment and remand the case "with instructions to order
a new trial on both applications simultaneously." In a reply brief, Bennett also
asserts, without any significant discussion or citation to authority, that, by admitting
the 2006 will to probate, "the trial court improperly shifted the burden of proof as to
[Thompson's] capacity." 

 First, we note that Bennett has not directly challenged the sufficiency of the
evidence presented at the April 30, 2007 proceeding to support the admission of the
2006 will to probate. As the trial court noted on the record at the April 30, 2007
proceeding, the 2006 will contained a clause revoking all prior wills. See Tex. Prob.
Code Ann. § 63 (Vernon 2003) ("No will in writing, and no clause thereof or devise
therein, shall be revoked, except by a subsequent will, codicil, or declaration in
writing, executed with like formalities, or by the testator destroying or canceling the
same, or causing it to be done in his presence.").

 Second, despite Bennett's contentions on appeal, nothing in the record
indicates that Bennett had requested a jury trial at the April 30, 2007 proceeding. The
record contains no jury demand for this proceeding. Although Bennett stated on the
record during the hearing that she anticipated that there would be a subsequent
contest "down the road," she never requested a jury trial during the April 30, 2007
proceeding or complained that the trial court was conducting a bench trial in violation
of a previously filed jury demand. Section 21 of the Probate Code, presumably cited
by Bennett in support of her argument that she was entitled to a jury trial at this
proceeding, provides for, but does not compel, a jury trial on the matters at issue. See
id. § 21 (Vernon 2003) ("In all contested probate and mental illness proceedings in
the district court or in the county court or statutory probate court, county court at law
or other statutory court exercising probate jurisdiction, the parties shall be entitled to
trial by jury as in other civil actions."). We note that, after the trial court admitted the
2006 will to probate at the April 30, 2007 proceeding, and after Bennett had filed her
pleading contesting the probate of the 2006 will on grounds of lack of capacity and
undue influence, the trial court conducted a jury trial on these issues. On appeal,
Bennett does not raise any specific complaints about the sufficiency of the evidence
to support the jury's findings that Thompson did not lack testamentary capacity and
was not subject to undue influence when executing the 2006 will. 

 Having resolved these specific complaints, the only possible remaining general
complaint that Bennett raises on appeal concerns the scope of the April 30, 2007
proceeding. Citing section 83(a) of the Probate Code, Bennett argues that the trial
court did not consider the validity of both wills at the April 30, 2007 proceeding. 
Bennett also seems to argue that the trial court precluded her from challenging the
2006 will at this proceeding. 

 Section 83(a) provides,

(a) Where Original Application Has Not Been Heard. If, after an
application for the probate of a will or for the appointment of a general
personal representative has been filed, and before such application has
been heard, an application for the probate of a will of the decedent, not
theretofore presented for probate, is filed, the court shall hear both
applications together and determine what instrument, if any, should be
admitted to probate, or whether the decedent died intestate.


Tex. Prob. Code Ann. § 83(a). "Section 83(a) 'mandates that a court hear together
different applications for probate of multiple wills' and . . . '[t]he mandatory nature
of [section 83(a)] leads to a reasonable inference that the drafters of the probate code
favor the use of a single proceeding to determine the validity of multiple wills." In
re Estate of Gomez, 161 S.W.3d 615, 616 (Tex. App.--San Antonio 2005, no pet.)
(citing Harkins v. Crews, 907 S.W.2d 51, 57 (Tex. App.--San Antonio 1995, writ
denied)).

 Contrary to Bennett's complaints, the transcript from the April 30, 2007
proceeding reflects that, at that proceeding, the trial court received evidence from
both parties on both the 2006 and 1994 wills. The trial court also allowed the parties
the opportunity to challenge the evidence supporting the other's application for
admission of the respective wills through cross-examination. In fact, when Seals
objected to Bennett's questioning about Thompson's mental and legal capacity to
execute the 2006 will, the trial court expressly allowed Bennett to continue her
questioning. (4) The trial court, on multiple occasions following Seals's objections,
allowed Bennett to pursue questioning that could be relevant only to Bennett's
challenge to the admission of the 2006 will, not simply Bennett's application to admit
the 1994 will. Additionally, in its discussion with the parties regarding the proper
scope of the April 30, 2007 proceeding and in response to Bennett's statements that
she was appearing at the proceeding "to contest the will" as well as Bennett's
demands that the trial court hear both wills "simultaneously under the [Probate]
Code," the trial court apparently agreed with Bennett, stating that it would be hearing
both applications. It would then admit one of the wills at the conclusion of the
proceeding. Bennett did not object to the trial court's procedure and did not ask for
a continuance of the proceeding in order to present additional evidence. Bennett's
request that we remand the case so that the trial court may consider the validity of
both wills simultaneously ignores the fact that the trial court has already
simultaneously considered the validity of both wills. We conclude that the trial court
considered both applications at the proceeding on April 30, 2007 in accordance with
section 83(a).

 Finally, Bennett does not directly challenge the evidence presented at the jury
trial that was held the court had admitted the 2006 will and Bennett had filed her
pleadings specifically attacking the admission of the 2006 will. Bennett also does not
challenge the trial court's jury charge. However, in her reply brief, Bennett
complains for the first time that the trial court's admission of the 2006 will at the
April 30, 2007 proceeding improperly shifted the burden of proof in regard to the
issue of capacity. (5) We have already concluded that the trial court conducted the April
30, 2007 proceeding in accordance with section 83(a). Bennett did not raise any
complaints in the trial court that she had not received adequate notice of this
proceeding, and she did not ask for a continuance of this proceeding. Bennett also
does not raise any such complaints on appeal, and we have rejected Bennett's
complaints that the trial court did not consider both wills at the April 30, 2007
proceeding and that the trial court precluded her from contesting the 2006 will at this
proceeding. Bennett's specific complaints are not borne out by the record. 
Accordingly, we hold that the trial court did not err in admitting the 2006 will to
probate at the April 30, 2007 proceeding and in entering final judgment in Seals's
favor after the jury trial. (6)

 We overrule Bennett's sole issue. 




Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Higley, and Duggan. (7)
1. During the pendency of the litigation, Mrytle Lee Bennett died, and Thomas Bennett,
in his capacity as independent executor of Mrytle Lee Bennett's estate, continued her
claims. 
2. Bennett describes this proceeding as a hearing, while Seals describes it as a bench
trial. As discussed in more depth below, the parties presented evidence in support of
their respective applications at this proceeding.
3. Tex. Prob. Code Ann. § 21 (Vernon 2003), § 83(a) (Vernon Supp. 2008)
4. We note that, at the conclusion of the April 30, 2007 proceeding, Seals objected to
Bennett's offering of Thompson's medical records into evidence in support of
Bennett's challenge to the 2006 will. Although the trial court had previously stated
that it was allowing the parties to contest the proffered wills, the trial court sustained
the objection to the admission of these records. On appeal, Bennett does not
challenge this evidentiary ruling, and, thus, she has waived any error in that ruling. 
See Tex. R. App. P. 33.1.
5. We note that "once [a] self-proved will is admitted into evidence, the proponent
makes out a prima facie case that the will has been properly executed, and contestants
must go forward with the evidence to overcome the prima facie case." Schindler v.
Schindler, 119 S.W.3d 923, 931 (Tex. App.--Dallas 2003, pet. denied) (citing James
v. Haupt, 573 S.W.2d 285, 288 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.)). On
appeal, Bennett does not discuss the effect of the 2006 will's self-proving affidavit
or its admission into evidence. 
6. We note that the Probate Code allows for a contest to be filed after the admission of
a will to probate. See Tex. Prob. Code Ann. § 83(b) (Vernon Supp. 2008), § 93
(Vernon 2003). 
7. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.