**Opinion issued August 1, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-22-00920-CV**

_____

**IN THE ESTATE OF J. HUGH WHEATFALL, Deceased**

**On Appeal from the County Court at Law**
**Grimes County, Texas**
**Trial Court Case No. 8866A**

## MEMORANDUM OPINION

Appellant, Isaiah Wheatfall, challenges the trial court's order dismissing his contest to the will of J. Hugh Wheatfall, deceased ("decedent"). In two issues, Wheatfall contends that the trial court erred in dismissing his will contest.

We dismiss the appeal for lack of jurisdiction.

## Background

On February 28, 2019, Wheatfall filed an application for letters of administration of the decedent's estate. He alleged that the decedent was his father, who had died "on or about October 9, 2018, in Grimes County, Texas at the age of 94," "without leaving a valid will." Wheatfall also alleged that the decedent's wife had "preceded him in death," and Wheatfall was the decedent's sole surviving heir. Wheatfall stated that he was "not disqualified by law to act as [a]dministrator." And Wheatfall requested that the trial court appoint an attorney ad litem "to locate any unknown heirs" of the decedent.

On March 5, 2019, Theresa DeBose filed an application to admit to probate a March 24, 2009 will (the "2009 will") allegedly executed by the decedent. DeBose identified herself as the decedent's granddaughter and "an individual interested in" the estate. She alleged that the 2009 will was "valid" and was never revoked, but the original will had not been located. She attached a copy of the 2009 will to her application.

DeBose further alleged that in the 2009 will, the decedent named his daughter, Evelyn DeBose, to serve as independent executrix, but Evelyn had predeceased the decedent and thus was unable to serve. The will "then named" Debose and the

2

decedent's two grandsons to serve as "[c]o-independent [e]xecutors."[1] DeBose requested that the 2009 will be admitted to probate and that she be issued letters testamentary.

After DeBose filed her application for admission of the 2009 will to probate, she became aware of Wheatfall's application for letters of administration. The trial court consolidated the applications into one proceeding and held an evidentiary hearing on the applications.

The appellate record does not include a reporter's record but in DeBose's June 21, 2019 "[p]ost [h]earing [b]rief" supporting admission of the 2009 will to probate, she indicated that earlier that month, the trial court had held a hearing in which it heard testimony from a subscribing witness to the 2009 will as well as an attorney from the firm that assisted the decedent in preparing the will. DeBose also noted in her brief that Wheatfall had appeared at the hearing, and she rebutted the arguments made by Wheatfall in his application for "appointment as dependent administrator" of the estate.

On September 5, 2019, before the trial court ruled on the competing applications, Wheatfall filed a "Contest to the Application for Probate of a Will not Produced in Court" (the "September 5, 2019 filing"). He alleged that "[a] purported

---

[1]     DeBose secured affidavits from the decedent's grandsons in which they renounced their right to letters testamentary. *See* TEX. EST. CODE ANN. § 304.002.

will was filed for probate on August 25, 2002" [sic] which, he "believe[d]," was "invalid because it was not properly executed," "the [d]ecedent was not of sound mind at the time [it] was executed," and the will "was made and executed under undue influence."

On September 16, 2019, the trial court signed an order admitting the 2009 will to probate and issuing letters testamentary to DeBose. In the order, the trial court found that the decedent executed the 2009 will "with the formalities and solemnities and under the circumstances required by law to make it a valid [w]ill" and had not revoked the will; that "[a]ll of the necessary proof required for the probate of the [w]ill copy ha[d] been made"; and that "[t]he [w]ill copy [wa]s entitled to probate." The trial court also overruled "[a]ll objections to the probate of the [w]ill asserted through September 4, 2019." And it ordered that "upon the return of an [i]nventory, [a]ppraisement & [l]ist of [c]laims of said [e]state or [a]ffidavit in [l]ieu of [i]nventory, and the payment of [court costs]," the estate would "be dropped from the Court's active docket."[2] Further, the trial court denied Wheatfall's application for letters of administration, his application for determination of heirship, and his motion for appointment of attorney ad litem.

---

[2] DeBose filed her affidavit in lieu of inventory, appraisement, and list of claims on April 23, 2021.

On March 5, 2021, Wheatfall filed a request for a docket scheduling order. The trial court held a status conference on March 24, 2022.

On April 1, 2022, DeBose filed a "[b]rief [r]egarding the [p]urported [w]ill [c]ontest," in which she asserted that the trial court's September 16, 2019 order admitting the decedent's will to probate was a "final order which resolved the allegations made by [Wheatfall]" and Wheatfall had failed to timely challenge the order by a motion for new trial or appeal.

In his response, Wheatfall argued that the trial court's order admitting the 2009 will to probate "did not resolve" the issues he raised in his September 5, 2019 filing because, according to Wheatfall, he had "raised new issues regarding the validity" of the 2009 will in the September 5, 2019 filing. Wheatfall noted that in its order, the trial court overruled only those objections "asserted through September 4, 2019," which meant that the trial court's order did not address the objections that he raised in his September 5, 2019 filing. And because the trial court's order did not dispose of the issues that he raised in that filing, Wheatfall argued, it was not a final order.

On November 3, 2022, the trial court signed an order that granted DeBose's objection to setting a hearing on Wheatfall's September 5, 2019 filing and ordered that the contest was "hereby dismissed." Wheatfall filed his notice of appeal on December 2, 2022.

5

## Appellate Jurisdiction

As an initial matter, DeBose, in her appellee's brief, argues that we lack jurisdiction over Wheatfall's appeal of the trial court's ruling on his will contest because the trial court's September 16, 2019 order admitting the 2019 will to probate was a final, appealable order that disposed of all parties and issues when it was signed and Wheatfall's December 2, 2022 notice of appeal was, thus, untimely. *See* TEX. R. APP. P. 25.1, 26.1.

"[C]ourts always have jurisdiction to determine their own jurisdiction," and "[a]ppellate jurisdiction is never presumed." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.—Dallas 2011, no pet.); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). If we lack jurisdiction over an appeal, it must be dismissed. *See Ragsdale*, 273 S.W.3d at 763; *US Anesthesia Partners v. Robinson*, No. 01-21-00572-CV, 2022 WL 4099835, at *4 (Tex. App.—Houston [1st Dist.] Sept. 8, 2022, pet. denied) (mem. op.).

Generally, parties may appeal only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001). However, appeals from probate courts involve an exception to the final-judgment rule because multiple final judgments may be rendered on discrete issues before an entire probate proceeding is

6

concluded.  *See Trevino v. Reese*, No. 01-10-00717-CV, 2011 WL 2436523, at *2 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.); *Young v. First Cmty. Bank, N.A.*, 222 S.W.3d 454, 456 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Two categories of probate court orders are considered final for purposes of appeal even when they do not dispose of all pending parties and claims.  *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex. 1995); *SJ Med. Ctr., L.L.C. v. Estahbanati*, 418 S.W.3d 867, 870–71 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  First, if a statute expressly declares that the particular phase of the probate proceedings is final and appealable, that statute controls.  *Est. of Brazda*, 582 S.W.3d 717, 723 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *see also De Ayala*, 193 S.W.3d at 578.  Second, in the absence of a statute, the order is final if it disposes of all parties and all issues in "the phase of the proceeding for which it was brought."  *De Ayala*, 193 S.W.3d at 578.

Here, there is no express statute that controls finality.  Thus, we consider whether the trial court's September 16, 2019 order admitting the 2009 will to probate completely disposed of that phase of the proceeding.

In asserting that the September 5, 2019 filing was a will contest that initiated a new phase of the proceeding, Wheatfall relies on Texas Estates Code section 55.01,

7

which provides that any "person interested in an estate may, at any time before the court decides an issue in a [probate] proceeding, file written opposition regarding the issue." TEX. EST. CODE ANN. § 55.001. We find pertinent to the proceeding Texas Estates Code section 256.101, which provides:

> (a) If, after an application for the probate of a decedent's will or the appointment of a personal representative for the decedent's estate has been filed but before the application is heard, an application is filed for the probate of a will of the same decedent that has not previously been presented for probate, the court shall:
>
> > (1) hear both applications together; and
> >
> > (2) determine:
> >
> > > (A) if both applications are for the probate of a will, which will should be admitted to probate, if either, or whether the decedent died intestate; or
> > >
> > > (B) if only one application is for the probate of a will, whether the will should be admitted to probate or whether the decedent died intestate.

TEX. EST. CODE ANN. § 256.101(a). This provision requires that a challenge to the validity of one or more wills be adjudicated in a single proceeding. *See Bennett v. Seals*, No. 01-08-00079-CV, 2009 WL 276769, at *5 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, pet. denied) (mem. op.); *In re Est. of Gomez*, 161 S.W.3d 615, 616 (Tex. App.—San Antonio 2005, no pet.).

Here, the record shows that the trial court consolidated Wheatfall's application for letters of administration, in which Wheatfall alleged that the decedent

died intestate, with DeBose's application to admit the 2009 will to probate. Once joined in the same proceeding, these competing applications established a contest about the validity of the 2009 will. *See* TEX. EST. CODE ANN. § 256.101(a). Thus, although Wheatfall's September 5, 2019 filing may be a "written opposition,"[3] it was not a new "contest." A will contest is a direct attack on the order admitting a will to probate. *Stoll v. Henderson*, 285 S.W.3d 99, 105 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *In re Est. of Blevins*, 202 S.W.3d 326, 328 (Tex. App.—Tyler 2006, no pet.); *In re Est. of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, pet. denied). Wheatfall filed his opposition before the trial court signed its order admitting the 2009 will to probate.

Wheatfall also asserts that the September 16, 2019 order admitting the 2009 will to probate was not final because in stating that it was not ruling on any objections to the probate of the will asserted after September 4, 2019, the trial court left the September 5, 2019 filing unadjudicated. We disagree.

In his September 5, 2019 filing, Wheatfall argued that the 2009 will was "invalid because it was not properly executed," "the [d]ecedent was not of sound mind at the time [it] was executed," and the will "was made and executed under undue influence." In its order admitting the 2009 will to probate, the trial court expressly found that the decedent executed the 2009 will "with the formalities and

---

[3]     *See* TEX. EST. CODE ANN. § 55.001.

solemnities and under the circumstances required by law to make it a valid [w]ill." This express finding encompasses an implied finding that the decedent had testamentary capacity at the time the will was executed. *See Est. of Danford*, 550 S.W.3d 275, 281 (Tex. App.—Houston [14th Dist.] 2018, no pet.). A testator has testamentary capacity when he possesses sufficient mental ability at the time of execution of the will to: (1) understand the effect of making the will and the general nature and extent of his property, (2) know the testator's next of kin and the natural objects of his bounty, and (3) have sufficient memory to assimilate the elements of executing a will, to hold those elements long enough to perceive their obvious relation to each other, and to form a reasonable judgment as to them. *Id.*

In finding that the 2009 will was valid, the trial court also impliedly rejected any claim of undue influence. A claim of undue influence is a ground for invalidating a will "distinct from a challenge that the testator lacked testamentary capacity." *Id.* at 285; *see also Rothermel v. Duncan*, 369 S.W.2d 917, 922 (Tex. 1963). "[U]ndue influence implies the existence of a testamentary capacity subjected to and controlled by a dominant influence or power." *Rothermel*, 369 S.W.2d at 922; *see also Quiroga v. Manelli*, No. 01-09-00315-CV, 2011 WL 944399, at *4 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (mem. op.) (influence is not undue unless free agency of testator was destroyed and will produced expressed wishes of person who exerted influence). Further, the trial court rejected

10

Wheatfall's claim that the decedent died without a valid will by denying his application for letters of administration, his application for determination of heirship, and his motion for appointment of an attorney ad litem. The language of the trial court's September 16, 2019 order admitting the 2009 will to probate thus shows that the trial court disposed of Wheatfall's contest to the validity of the 2009 will, including the issues he raised in his September 5, 2019 filing.

Because the September 16, 2019 order admitting the 2009 will to probate disposed of all parties and all issues in "the phase of the proceeding for which it was brought" we conclude that it was a final, appealable judgment. *See De Ayala*, 193 S.W.3d at 578–79.

A party "seek[ing] to alter the trial court's judgment or other appealable order" must timely file a notice of appeal. TEX. R. APP. P. 25.1(c). Generally, if a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of the party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K. L. L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

A notice of appeal is usually due thirty days after a trial court's judgment or appealable order is signed. *See* TEX. R. APP. P. 26.1 (when no motion for new trial

11

filed, notice of appeal due thirty days after trial court signs judgment or appealable order). Here, Wheatfall's notice of appeal was due thirty days after the trial court signed the September 16, 2019 order—by October 16, 2019. Because Wheatfall filed his notice of appeal on December 2, 2022, his notice of appeal was untimely. Accordingly, we hold that we lack jurisdiction over his appeal.

## Conclusion

We dismiss the appeal for lack of jurisdiction.


Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.

Farris, J., dissenting.