**Dismissed and Opinion filed December 17, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-12-01004-CV

_____

### SJ MEDICAL CENTER, L.L.C. D/B/A ST. JOSEPH MEDICAL CENTER, Appellant

### V.

### JASON ESTAHBANATI AND MENTEWAB OSMAN, INDIVIDUALLY AND AS NEXT FRIENDS, NATURAL PARENTS, AND LEGAL GUARDIANS OF JAYDEN OSMAN, A MINOR, Appellees

---

**On Appeal from Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 390,957-401**

---

## O P I N I O N

When a boy was asked how many legs his calf would have if he called its tail a leg, the boy replied, "five." The correct answer is "four" because *calling* the tail a leg does not *make* it a leg.[1]

---

[1] Parable attributed to Abraham Lincoln by his contemporaries. *See* George W. Julian, *Lincoln and The Proclamation of Emancipation in* REMINISCENCES OF ABRAHAM LINCOLN BY

A Texas limited liability company seeks to appeal from an interlocutory order under section 51.014(a) of the Texas Civil Practice and Remedies Code. In the context of this case, for the company to be able to do so, it must be a "hospital district management contractor." The term is defined in section 285.071 of the Texas Health and Safety Code. Under the unambiguous wording of this statutory definition, a "hospital district management contractor" must be "a nonprofit corporation, partnership, or sole proprietorship." The appellant concedes it is a limited liability company but argues that it should be treated as a partnership under this statute because it is treated as a partnership for the purpose of calculating its tax liability.

A tail is not a leg, and a limited liability company is not a partnership. Just as calling a tail a leg does not make the tail a leg, calling a limited liability company a partnership for tax purposes does not make it a partnership. No statute provides that limited liability companies may be treated as partnerships under section 285.071 of the Texas Health and Safety Code. Because a limited liability company does not fall within the ordinary meaning of "a nonprofit corporation, partnership, or sole proprietorship," this type of entity may not be a "hospital district management contractor" under this statute. The limited liability company in today's case is not a "hospital district management contractor." Because there is no basis for appellate jurisdiction if the company is not such a contractor, we dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellees/plaintiffs Jason Estahbanati and Mentewab Osman, individually and as next friends, natural parents, and legal guardians of Jayden Osman, a minor, (hereinafter the "Osman Parties") filed suit, asserting negligence claims against

DISTINGUISHED MEN OF HIS TIME 227, 242 (Harper & Brothers Publishers 1909) (Allen T. Rice ed., 1888).

appellant/defendant SJ Medical Center, L.L.C. d/b/a St. Joseph Medical Center (hereinafter, the "Medical Center") and other defendants. The Medical Center filed a plea to the jurisdiction, alleging that governmental immunity bars the Osman Parties' claims against it. The Medical Center is not a governmental entity that ordinarily would be entitled to governmental immunity. Nonetheless, the Medical Center argued that under section 285.072 of the Texas Health and Safety Code, entitled "Liability of a Hospital District Management Contractor," the Medical Center enjoys governmental immunity. *See* Tex. Health & Safety Code Ann. § 285.072 (West 2013). Under this statute, a "hospital district management contractor" in its management or operation of a hospital under a contract with a hospital district is considered a governmental unit for purposes of the Texas Tort Claims Act. *See id.* A "hospital district management contractor" must be a "nonprofit corporation, partnership, or sole proprietorship." *See* Tex. Health & Safety Code Ann. § 285.071 (West 2013). Though the Medical Center is, and was at the time of the occurrence made the basis of this suit, a Texas limited liability company, the Medical Center asserted in the trial court that it should be treated as a partnership in determining whether it is a "hospital district management contractor" because it is treated as a partnership for federal-income-tax and state-franchise-tax purposes.

The trial court denied the plea to the jurisdiction, and the Medical Center filed this appeal, asserting that this court has appellate jurisdiction over the trial court's interlocutory order under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (West 2013).

## II. ANALYSIS

The Medical Center asserts that it is a "hospital district management contractor" that should be treated as a governmental unit under section 285.072 of

3

the Texas Health and Safety Code.  The Osman Parties assert that the Medical Center is not a "hospital district management contractor."   They also argue that this court lacks jurisdiction over this appeal from a statutory-probate-court order because the order is interlocutory and because the applicable version of section 51.014(a)(8) of the Texas Civil Practice and Remedies Code does not authorize interlocutory appeals from statutory-probate-court orders.[2]   Even absent any jurisdictional challenge by the Osman Parties, this court is obligated to review *sua sponte* issues affecting its appellate jurisdiction.  *See M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).  If the Medical Center is not a "hospital district management contractor," as the Osman Parties assert, then there is an issue as to whether this appeal falls within the scope of section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, even if that statute applies to appeals from statutory-probate-court orders.  Because a question has been raised as to whether this court has appellate jurisdiction, we must address that threshold issue before considering the merits of this appeal.

## A.  Is the order from which this appeal is taken interlocutory?

Though all parties assert that the trial court's order is interlocutory, we would have jurisdiction if the order were final for purposes of appeal, so we first consider this issue.  *See* Tex. Prob. Code Ann. § 5(g) (West 2003) ("All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals.").[3]   Under the general rule for determining finality, "[a] judgment is final

---

[2] The Texas Legislature recently amended section 51.014(a)(8) so that it now expressly recites that it applies to appeals from statutory-probate-court orders. *See* Act of May 22, 2013, 83rd Leg., R. S., ch. 961, § 1, 2013 Tex. Sess. Law Serv. 2363, 2363–64. The amended statute applies to appeals from orders rendered on or after September 1, 2013, so it does not apply to this appeal.  *See id.* §§2,3, 2013 Tex. Sess. Law Serv. at 2364.

[3] Texas Probate Code section 5(g) has been repealed and recodified, effective January 1, 2014, as section 32.001(c) of the Texas Estates Code.  *See* Tex. Estates Code Ann. § 32.001(c) (West 2013).

for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The order from which the appeal is taken does not dispose of all pending parties and claims. Thus, the order is not final under the *Lehmann* analysis. *See id*.

The Supreme Court of Texas also has concluded that orders resolving certain discrete matters in probate and receivership cases may be final for purposes of appeal, even though these orders do not dispose of all pending parties and claims. *See id.*; *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex. 1995); *Huston v. Fed. Deposit Ins. Corp.*, 800 S.W.2d 845, 847–49 (Tex. 1990). Though no receivership order is involved in this case, this appeal is from an order in a probate case. If a probate court's order resolves a discrete issue in the probate proceedings, then that order is deemed to be a final order from which appeal may be taken, even if the order does not dispose of all pending parties and claims. *See* Tex. Prob. Code Ann. § 5(g) (West 2003); *Lehmann*, 39 S.W.3d at 195; *Crowson*, 897 S.W.2d at 781–83. To determine whether the probate order is final on this basis, we first consider whether there is a statute specifically declaring this type of order to be the end of a particular phase of proceedings under the Probate Code. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006); *Crowson*, 897 S.W.2d at 781–83. If there is such a statute, then that statute controls; if not, the order is final if, in the order, the probate court disposed of all parties and all issues in a particular phase of the probate proceedings. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83. There is no statute specifically declaring orders denying pleas to the jurisdiction like the one filed by the Medical Center to be the end of a particular phase of proceedings under the Probate Code. And, in its order the probate court did not dispose of all parties or all issues in a particular phase of the probate proceedings. Therefore, the order from which the appeal is taken is not a final order

5

under the *Crowson* analysis. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83. We conclude that this order is interlocutory. *See De Ayala*, 193 S.W.3d at 578–79; *Lehmann*, 39 S.W.3d at 195; *Crowson*, 897 S.W.2d at 781–83.

**B.** **Must the Medical Center be a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code for this court to have appellate jurisdiction?**

This court lacks jurisdiction over an appeal from an interlocutory order unless a statute provides for an appeal from that interlocutory order. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319, n.1 (Tex. 2007). The Medical Center asserts that section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides this court with jurisdiction over this appeal from the trial court's interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a). The parties have not cited and research has not revealed any other statute that would provide appellate jurisdiction. Appellate courts must construe section 51.014 of the Texas Civil Practice and Remedies Code to give effect to the Legislature's intent, but they also must "strictly construe Section 51.014(a) as a narrow exception to the general rule that only final judgments are appealable." *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (quotations omitted). The applicable version of section 51.014(a) provides in pertinent part:

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
> . . .
> (8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001 . . .

Act of June 2, 2003, 78th Leg., R. S., ch. 204, § 1.03, 2003 Tex. Gen. Laws 847, 849 (amended 2013) (current version at Tex. Civ. Prac. & Rem. Code § 51.014(a)). The Medical Center is a person, and the trial court's order is interlocutory. In its order, the trial court denied a plea to the jurisdiction. Relying on a case from the Second

6

Court of Appeals, the Osman Parties assert that this statute does not apply because the trial court is a statutory probate court rather than "a district court, county court at law, or county court." *Id.* *See Town of Flower Mound v. Mockingbird Pipeline, L.P.*, 353 S.W.3d 230, 234–41 (Tex. App.—Fort Worth 2011, pet. granted, judgm't vacated w.r.m.) (holding that section 51.014(a) of the Texas Civil Practice and Remedies Code does not provide for any appeals from orders of statutory probate courts). We presume, without deciding, that statutory probate courts are either county courts at law or county courts under section 51.014(a) and that statutory-probate-court orders are within the scope of this statute. Under this presumption, this court still does not have jurisdiction under section 51.014(a)(8) unless the Medical Center falls within the scope of the statutory term "governmental unit." *See* Act of June 2, 2003, 2003 Tex. Gen. Laws at 849; *City of Leon Valley Economic Development Corp. v. Little*, —S.W.3d—,—, 2013 WL 3054308, at *2–4 (Tex. App.—San Antonio June 19, 2013, no pet.).

The Supreme Court of Texas has held that a "state official sued in his official capacity" falls within the scope of this statutory term and that such officials may appeal orders denying their pleas to the jurisdiction under section 51.014(a)(8). *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844–46 (Tex 2007). The record and the evidence therein reflect that the Medical Center is neither a governmental unit nor a state official sued in an official capacity. The Medical Center does not assert that it is a governmental unit or a state official sued in an official capacity. We conclude that section 51.014(a)(8) does not provide jurisdiction on either of these bases. *See Koseoglu*, 233 S.W.3d at 844–46; *City of Leon Valley Economic Development Corp.*, —S.W.3d at—, 2013 WL 3054308, at *2–4.

Nonetheless, the Medical Center asserts that it is a "hospital district management contractor" in its management or operation of a hospital under a

contract with a hospital district, which, under section 285.072 of the Texas Health and Safety Code, is considered a governmental unit for purposes of the Texas Tort Claims Act. *See* Tex. Health & Safety Code Ann. § 285.072. The parties have not cited, and research has not revealed, any cases in which a court has held that an entity that was not actually a governmental unit could appeal under section 51.014(a)(8) based upon a statute that entitled the entity to be treated as if the entity were a governmental unit. Even so, the Supreme Court of Texas and this court have held that for the purposes of section 51.014(a)(5), individuals who are not actually officers or employees of the state or a political subdivision of the state may be treated as if they were if a statute so provides. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(5) (West 2013) (stating that a person may appeal an interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state"); *Klein v. Hernandez,* 315 S.W.3d 1, 8 (Tex. 2010); *Young v. Villegas*, 231 S.W.3d 1, 7–8 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). For the purpose of our analysis, we presume, without deciding, that (1) section 51.014(a)(8) applies to denials of pleas to the jurisdiction by entities which are not governmental units but which are entitled by statute to be treated as if they were governmental units; and (2) if the Medical Center is a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code, then the Medical Center would be entitled by this statute to be treated as if it were a governmental unit. Even under these presumptions, the Medical Center must be a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code for this court to have jurisdiction over this interlocutory appeal under section 51.014(a)(8).[4]

---

[4] The parties have not cited and research has not revealed any other statute that arguably would allow the Medical Center to be treated as if it were a governmental unit.

8

**C.    Is the Medical Center a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code?**

To determine if the Medical Center is a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code, we must interpret the following statutory definition of that term:

> In this chapter, "hospital district management contractor" means a nonprofit corporation, partnership, or sole proprietorship that manages or operates a hospital or provides services under contract with a hospital district that was created by general or special law.

Tex. Health & Safety Code Ann. § 285.071 (West 2013).

In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We presume, without deciding, that the Medical Center manages or operates a hospital or provides services under contract with a hospital district that was created by general or special law. We focus on whether the Medical Center is "a nonprofit corporation, partnership, or sole proprietorship." Tex. Health & Safety Code Ann. § 285.071.

The record reflects that the Medical Center is, and at all material times was, a Texas limited liability company, rather than a nonprofit corporation, partnership, or sole proprietorship.[5] The Medical Center does not assert that it qualifies as a

---

[5] On June 8, 2006, the Medical Center converted from a Texas limited partnership to a Texas limited liability company. On that date, when the conversion took effect, "the converting entity continue[d] to exist without interruption in the organizational form of the converted entity rather

9

nonprofit corporation or sole proprietorship. Nor does the Medical Center assert that it is a partnership rather than a limited liability company. Indeed, the Medical Center admits that it is a limited liability company but makes two contentions to support its argument that it is a "hospital district management contractor": (1) Texas courts have applied section 285.072 of the Texas Health and Safety Code to a broad range of entities and (2) the undefined term "partnership" in that statute should be construed broadly to include limited liability companies that elect to be treated as partnerships for tax purposes under Texas and federal law. The parties have not cited, and research has not revealed, any case holding that a limited liability company falls within the scope of the undefined term "partnership" in section 285.072 of the Texas Health and Safety Code or in any other statute that does not deal with taxation.

As to the first contention, all Texas opinions in which the protections of section 285.072 of the Texas Health and Safety Code have been applied to a "hospital district management contractor" have involved contractors that were nonprofit corporations. *See Luchak v.McAdams*, 379 S.W.3d 361, 364–67 (Tex. App.–Waco 2012, pet. dism'd); *Christus Spohn Health Sys. Corp.*, No. 13-10-400-CV, 2011WL 1900174, at *9–25 (Tex. App.—Corpus Christi May 19, 2011, pet. denied) (mem. op.); *Carroll v. Donau*, No. 03-09-00293, 2010 WL 2977462 (Tex. App.—Austin July 29, 2010, pet. denied).

Regarding the second contention, the statute does not contain a definition of "partnership," so we give this term its ordinary meaning. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006). The Medical Center argues that

than in the organizational form of the converting entity." Tex. Bus. Orgs. Code Ann. § 10.106(1) (West 2013); *Gunda Corp. LLC v. Yazhari*, No. 14-12-00263-CV, 2013 WL 440577, at *6 (Tex. App.—Houston [14th Dist.] Feb. 5, 2013, no pet.) (mem. op.). Thus, by statute, the Medical Center has existed as a Texas limited liability company from June 8, 2006, to the present. *See* Tex. Bus. Orgs. Code Ann. § 10.106(1).

limited liability companies electing to be treated as partnerships for tax purposes under Texas and federal law fall within the meaning of "partnership."

Limited liability companies have been said to offer "the best of both worlds—the limited liability of a corporation and the favorable tax treatment of a partnership." *Historic Boardwalk Hall, LLC v. Comm'r*, 694 F.3d 425, 429, n.1 (3d Cir. 2012) (quoting *Canterbury Holdings, LLC v. Comm'r*, 98 T.C.M. (CCH) 60, 61, n.1 (2009)) (internal quotations omitted). Limited liability companies are generally pass-through entities that do not pay federal income tax. *See Historic Boardwalk Hall, LLC*, 694 F.3d at 429, n.1. A limited liability company like the Medical Center that has two or more members may elect to be treated as a partnership or as a corporation for federal-income-tax purposes. *See id.* The record evidence shows that the Medical Center has elected to be treated as a partnership for federal-income-tax purposes. The election made as to federal-income-tax purposes is also given effect in calculating an entity's Texas franchise tax. *See* Tex. Tax Code Ann. § 171.1011(c)(2) (West 2013).

The statutes and regulations regarding the Medical Center's federal-income-tax and state-franchise-tax liability do not apply in determining whether the Medical Center should be treated as a governmental unit in this interlocutory appeal from the trial court's denial of the Medical Center's plea to the jurisdiction in a civil lawsuit seeking money damages. The Medical Center does not assert that they do.

We conclude that a limited liability company does not fall within the ordinary meaning of "partnership," even if the limited liability company elects to be treated as a partnership for federal-income-tax and state-franchise-tax purposes. *See Exchange Point, LLC v. S.E.C.,* 100 F.Supp.2d 172, 173–75 (S.D.N.Y. 1999) (holding that a limited liability company did not fall within the plain and ordinary

meaning of "a partnership of less than five individuals" in a provision of the Right to Financial Privacy Act); *Garcia v. Foulger Pratt Dev., Inc.*, 845 A.2d 16, 27–31 (Md. Ct. App. 2003) (holding limited liability company that elected treatment as partnership for tax purposes did not fall within scope of unambiguous, undefined term "limited partnership" in partnership agreement and stating that treatment of limited liability company as a partnership for tax purposes does not mean that limited liability company is treated as partnership for non-tax purposes). Though a limited liability company may have some characteristics similar to a partnership in calculating its tax liability, a limited liability company also has characteristics similar to a corporation regarding civil liability. *See Historic Boardwalk Hall, LLC*, 694 F.3d at 429, n.1; *Exchange Point, LLC*, 100 F.Supp.2d at 173–75. A limited liability company is a separate type of corporate entity and is not included in the ordinary meaning of the word "partnership." *See Exchange Point, LLC*, 100 F.Supp.2d at 173–75; *Garcia*, 845 A.2d at 27–31.

The Legislature could have permitted all types of corporate entities to be eligible for the protections afforded a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code. But, the Legislature decided to make only nonprofit corporations, partnerships, and sole proprietorships eligible for these protections. *See* Tex. Health & Safety Code Ann. § 285.071. Under the plain meaning of the statutory language chosen by the Legislature, for-profit corporations are not eligible to be a "hospital district management contractor," and neither are limited liability companies like the Medical Center. *See id.* This court must give effect to the statute's unambiguous language; it is not this court's function to question the wisdom of this statute or to seek to rewrite it based upon a different view of public policy. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex. 2000); *Lee v. City of Houston,* 807 S.W.2d 290, 293 (Tex. 1991).

Attempting to come within the plain meaning of the term "partnership," the Medical Center argues that it can be a partnership even though it is organized as a limited liability company. The Medical Center urges this court to construe the term "partnership" broadly to include limited liability companies that elect to be treated as partnerships for federal-income-tax and state-franchise-tax purposes.

Treating the Medical Center as a partnership for tax purposes does not mean that the Medical Center may be treated as a partnership for the purposes of section 285.071 of the Texas Health and Safety Code. The Medical Center does not contend that any statute or regulation allows limited liability companies to elect to be treated as partnerships for the purposes of section 285.071, and we have found no statute that would allow such treatment. Thus, the question is simply whether the Medical Center, indisputably a limited liability company, falls within the ordinary meaning of the word "partnership." The Medical Center suggests that it does because, for tax purposes, it calls itself a partnership.

Abraham Lincoln famously observed that calling the tail of a calf a leg does not make the tail a leg.[6] Likewise, calling a limited liability company a partnership for tax purposes does not make it a partnership, nor does it alter the plain and ordinary meaning of "partnership," which does not include limited liability companies. *See Exchange Point, LLC,* 100 F.Supp.2d at 173–75; *Garcia*, 845 A.2d at 27–31. Because the Medical Center is not a nonprofit corporation, partnership, or sole proprietorship, it cannot be a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 285.071.

---

6  *See* footnote 1, above, and accompanying text.

## III. CONCLUSION

For this court to have jurisdiction over the Medical Center's appeal from the trial court's denial of its plea to the jurisdiction, the Medical Center must be a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code. For the Medical Center to be a "hospital district management contractor" under this statute, section 285.071 of the Texas Health and Safety Code requires that the Medical Center be a nonprofit corporation, partnership, or sole proprietorship. Under the plain and ordinary meaning of this statute, the Medical Center, a limited liability company, is not a nonprofit corporation, partnership, or sole proprietorship. Therefore, as a matter of law, the Medical Center is not a "hospital district management contractor" under section 285.072 of the Texas Health and Safety Code. Because there is no basis for treating the Medical Center as a governmental unit and because there is no other available basis for jurisdiction over this interlocutory appeal, we dismiss this appeal for lack of jurisdiction.


/s/      Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison, and Donovan.