**Dismissed and Memorandum Opinion filed June 12, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00166-CV
_____

### IN THE ESTATE OF NATHAN WAYNE PUSTKA

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 460417**

## MEMORANDUM OPINION

This is an attempted appeal from an order granting "Guardian's Motion for Partial Traditional Summary Judgment," signed January 30, 2018.

Appellant Aida Villarreal filed an application in the trial court to revoke letters of guardianship and to be appointed successor guardian of the ward, her son. In her application, appellant requested the court (1) to appoint her guardian of the ward; (2) to set a bond in a sufficient amount to protect the ward's rights; and (3) to revoke the current guardianship. Appellant filed an amended pleading in which she sought removal of the current guardian and appointment of herself as guardian of the ward. Appellee Vickie Lynn Pustka, the ward's sister and current guardian, filed a motion

for partial summary judgment in which she alleged appellant could not be appointed successor guardian because appellant waived her right to be appointed as guardian. In the motion for partial summary judgment appellee asked the trial court to find as a matter of law that appellant cannot invoke section 1203.103 of the Texas Estates Code to assert her prior right to appointment as guardian. The trial court granted the motion for partial summary judgment, but its order contains no finality language. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). The sole issue addressed by the partial summary judgment is appellant's previous waiver of her right to be appointed guardian. Also on January 30, 2018, the trial court denied appellee's motion in limine challenging appellant's standing to seek removal of the guardian.[1]

On April 11, 2018, this court notified the parties that the court would consider dismissal of the appeal unless a party filed a response showing meritorious grounds for continuing the appeal. In response, appellant first filed a motion to extend time to file the notice of appeal of an interlocutory order. We address this motion below. Appellant filed another response to this court's notice of dismissal in which she argues the trial court's order is a final, appealable judgment as it disposes of a discrete phase of the guardianship proceeding.

A party may not appeal an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). No party has cited, and our research has not revealed, any statute allowing appeal from the trial court's order if it is interlocutory. Thus, for this court to have appellate jurisdiction the trial court's order must be final.

---

[1] In a guardianship proceeding, "[t]he court shall determine by motion in limine the standing of a person who has an interest that is adverse to a proposed ward or incapacitated person." Tex. Estates Code Ann. § 1055.001 (West 2014).

Under the general rule for determining finality, "[a] judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann*, 39 S.W.3d at 195. In her live pleading appellant seeks (1) revocation under Texas Estates Code section 1203.103 and appointment as guardian; and (2) removal of appellee as guardian for cause under Texas Estates Code section 1203.052. The partial summary-judgment order appellant attempts to appeal disposed only of appellant's request for revocation under section 1203.103 of the Estates Code. The order from which appellant seeks to appeal does not dispose of all parties and claims. Thus, the order is not final under the general *Lehmann* analysis. *See id.*

Nonetheless, the Supreme Court of Texas has concluded that orders resolving certain discrete matters in probate cases may be final for purposes of appeal, even though these orders do not dispose of all pending parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex. 1995); *SJ Medical Center, L.L.C. v. Estahbanati*, 418 S.W.3d 867, 870–71 (Tex. App.—Houston [14th Dist.] 2013, no pet.). If a probate court's order resolves a discrete issue in the probate proceedings, then that order is deemed to be a final order from which appeal may be taken, even if the order does not dispose of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195; *Crowson*, 897 S.W.2d at 781–83. To determine whether the probate order is final on this basis, we first consider whether there is a statute specifically declaring this type of order to be the end of a particular phase of proceedings under the Probate Code. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006); *Crowson*, 897 S.W.2d at 781–83. If there is such a statute, then that statute controls; if not, the order is final if, in the order, the probate court disposed of all parties and all issues in a particular phase of the probate proceedings of which the order logically may be

considered a part. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 871. Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Lehman*, 39 S.W.3d at 192. Not every interlocutory order in a probate case, however, is appealable. *See De Ayala*, 193 S.W.3d at 578.

There is no statute specifically declaring orders granting partial summary-judgment motions like the one filed by appellee to be the end of a particular phase of proceedings under the Probate Code. Thus, to determine whether the partial summary-judgment order in this case is final and appealable, we must determine (1) if there is a particular phase of the probate proceedings of which the order logically may be considered a part, and (2) if, in the order, the probate court disposed of all parties and all issues in this phase. *See id.* at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 871. To make this determination, we examine the live pleadings contained in the record.

Appellant recognizes that the trial court's order on partial summary judgment disposed of her claim to be appointed guardian, but did not dispose of her claim for appellee, the current guardian, to be removed for cause. Appellant argues that the trial court's order denying her claim to be appointed guardian disposed of a discrete phase of the proceeding, and that this court has jurisdiction to consider the court's partial summary judgment.

Two issues are raised by appellant's live pleading: (1) revocation under Texas Estates Code section 1203.103 and appointment as guardian; and (2) removal of appellee as guardian for cause under Texas Estates Code section 1203.052. Section 1203.103, entitled "Appointment Because of Existence of Prior Right" provides:

If letters of guardianship have been granted to a person and another

4

person applies for letters, the previously issued letters shall be revoked, and letters shall be granted to the subsequent applicant if that applicant:

> (1) is qualified;

> (2) has a prior right to be appointed successor guardian; and

> (3) has not waived that prior right.

Tex. Estates Code Ann. § 1203.103 (West 2014).

Section 1203.052, entitled "Removal with Notice" provides in part:

(a) The court may remove a guardian as provided by Subsection (a-1) if:

. . .

(7) the guardian neglects to educate or maintain the ward as liberally as the means of the ward's estate and the ward's ability or condition permit; [or]

(8) the guardian interferes with the ward's progress or participation in programs in the community.

Tex. Estates Code Ann. § 1203.052 (West 2014).

The substance of appellant's two requests logically are considered as part of the same phase of the probate proceedings, but each request differs in the relief sought. Nonetheless, in both the requests appellant attempts to remove the current guardian and to have appellant appointed as guardian. Therefore, the trial court's partial summary-judgment order logically may be considered as part of the phase of the probate proceeding in which appellant made each request. In its order the probate court did not dispose of all parties or all issues in this particular phase of the probate proceedings. So, the order from which appellant seeks to appeal is not a final order under the *Crowson* analysis. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 870–71.

Appellant nevertheless argues that the partial summary judgment is

appealable under the "substantial rights" test. But, this court has held that the *Crowson* analysis has taken the place of the "substantial rights" test. *See Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 870–71; *Gonzalez Guilbot v. Guilbot Serros de Gonzalez*, 367 S.W.3d 442, 446–48 (Tex. App.— Houston [14th Dist.] 2012, pet. denied); *Fernandez v. Bustamante*, 305 S.W.3d 333, 337–39 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Thus, we do not apply this test in today's case.

Under the *Crowson* legal standard, the order from which appellant seeks to appeal is an interlocutory order, and this court lacks appellate jurisdiction. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 870–71.

Appellant has filed a motion requesting an extension of time to file a notice of appeal of an interlocutory order. This motion does not alter the reality that the order is interlocutory and that no statute gives this court jurisdiction over an interlocutory appeal from this order. Therefore, we dismiss this appeal for want of appellate jurisdiction.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.