PRODECO EXPLORATION, INC. and
Adobe Oil & Gas Corporation,
Appellants,

v.

Gayl Lauderdale WARE, Appellee.

No. 01–84–0514–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 20, 1984.

Rehearing Denied Jan. 28, 1985.

Norm Riedmueller, Krist, Kinney & Riedmueller, Houston, for appellants.

William V. Wade, Weitinger, Steelhammer & Tucker, Houston, Clay A. Cornett, Hofheinz, Harpold, McDonald & Fitzgerald, Houston, for appellee.

Before EVANS, C.J., and DOYLE and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

The appellant, Adobe Oil & Gas Corporation, brought this action for declaratory relief, alleging that the appellee, Gayl Lauderdale Ware, was not entitled to certain monies under an oil and gas lease. Ware counterclaimed, seeking a declaratory judgment in her favor and also filed a "Motion to Require Payment of Royalties into the Court Registry." After a hearing, the trial court took the matter under advisement, and later entered the order granting Ware's motion.

Adobe is the operator and owner of a working interest in a producing leasehold, in which Ware asserts a royalty interest. Although two other working interest owners, James B. Cornett, II and Prodeco Ex-

ploration, Inc., have intervened in the proceedings, the order in question applies only to Adobe. Therefore, this appeal involves only the issues between the two original parties to the suit, Adobe and Ware.

The threshold question is whether this court has jurisdiction to consider the appeal. In deciding this question, we must determine whether the order is interlocutory in nature, and nonappealable.

 The courts of appeal have no jurisdiction to hear appeals from interlocutory orders, unless specifically authorized by statute. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 995 (1944). This court does have jurisdiction to review orders which are injunctive in nature, Tex. Rev.Civ.Stat.Ann. art. 4662 (Vernon Supp. 1984), and if a portion of an order is injunctive, then that part is reviewable, even though a portion of it may be interlocutory and nonappealable. *Wood v. Wood*, 585 S.W.2d 761, 762 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd).

A portion of the order in question directs Adobe to deposit the sum of $80,000 and future monthly production payments into the registry of the court. The trial court has the inherent authority to direct Adobe to deposit disputed funds into the registry of the court pending the outcome of the litigation, *Castilleja v. Camero*, 414 S.W.2d 431 (Tex.1967), and we find, in that respect, that the court's order was interlocutory and nonappealable. *Id.* at 433.

However, the court's order further directed Adobe to tender into the registry of the court "a suitable bond with surety in the face amount of $100,000 and made payable to the District Clerk of Burleson County, Texas." In this respect, the order was injunctive, since it required Adobe to take affirmative action to secure the performance of the court-imposed obligation to make the required deposit. Accordingly, this court has the authority to review that portion of the trial court's order.

We have determined that the trial court's order requiring Adobe to file a bond is invalid on its face, because the order does not meet the essential requirements of the Texas Rules of Civil Procedure. Specifically, the rules require that the order must set forth the reasons for its issuance, Tex.R.Civ.P. 683, and the order in question is clearly deficient in this respect.

We dismiss for want of jurisdiction that part of the appeal related to the portion of the order requiring Adobe to deposit the disputed funds into the registry of the court. Such ruling, however, is without prejudice to the rights of any third parties to assert claims in the trial court with respect to such disputed funds. We reverse the trial court's order, insofar as it directs Adobe to file a $100,000 bond, and in that respect we order the dissolution of the trial court's order.

Dismissed, in part, for want of jurisdiction, and, in part, reversed and remanded with directions.