**Dismissed in Part and Affirmed in Part and Majority and Concurring Opinions filed December 14, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00604-CV

---

## SCOTT ALEXANDER CLARK, Appellant

## V.

## STEVEN WAYNE CLARK AND ROBERT GEORGE CLARK, Appellees

---

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-74867-A**

---

## MAJORITY OPINION

One brother attempts to appeal an order in which the trial court granted a temporary injunction in favor of his two brothers who filed a lawsuit against him. We conclude that we have appellate jurisdiction over the part of the trial court's order in which the trial court granted a temporary injunction, and concluding that appellant has not shown error, we affirm this part. Concluding that we lack appellate jurisdiction over the remainder of the order, we dismiss appellant's

appeal from this part of the trial court's order for lack of appellate jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellees/plaintiffs Steven Wayne Clark and Robert George Clark filed suit in the Probate Court of Galveston County against their brother, appellant/defendant Scott Alexander Clark. Steven and Robert alleged that the Last Will and Testament of Bonnie M. Clark (the "Will"), mother of Steven, Robert, and Scott, established "Family Trust B" (the "Trust") of which Scott was the trustee when Steven and Robert filed suit. Steven and Robert asserted that the sole asset of the Trust is Limeco, Inc., an ongoing family business that allegedly needs immediate and constant supervision. The Will provides that "[i]f for any reason, SCOTT ALEXANDER CLARK, shall fail to qualify or cease to serve, for any reason, as Trustee under my Will, I designate and appoint as successor Co-trustees my sons, STEVEN WAYNE CLARK and ROBERT GEORGE CLARK." Steven and Robert alleged that because Scott suffered a traumatic brain injury that required brain surgery, intubation, and hospitalization, Scott had ceased to serve or was unable to serve as trustee of the Trust.

Steven and Robert asserted that they are the beneficiaries of two-thirds of the Trust's assets and that the severity of Scott's injury necessitated the appointment of Steven and Robert as successor co-trustees so that they could continue to manage Limeco for all the beneficiaries of the Trust. Under the Texas Declaratory Judgments Act, Steven and Robert asked the trial court to declare that (1) Scott had ceased to serve or was unable to serve as trustee; (2) Steven and Robert are successor co-trustees under the terms of the Will; and (3) Steven and Robert, as successor co-trustees of the Trust, are appointed to manage the assets of the Trust so long as Scott is unable to do so. Steven and Robert also sought a temporary restraining order and a temporary injunction.

2

Steven and Robert also attached to their petition an affidavit, in which Steven testified as follows:

- Scott suffered "a severe/traumatic head injury" during the week of June 1, 2019. He has been hospitalized since that time. He has been intubated, cannot verbally communicate as of June 6, 2019, and is not able to handle the day-to-day business affairs of the main asset of the Trust, Limeco, a company that manufactures and sells lime slurry.

- Limeco is an ongoing business that needs day-to-day supervision which the current Trustee is unable to oversee.

- Because of Scott's present medical condition, and under the terms of the Trust, Steven and Robert are requesting that they be appointed as substitute co-trustees so that they can manage the trust assets for the benefit of all beneficiaries.

- The status quo of the trust asset—the Limeco business—needs to be maintained and the only way to do so would be to follow the terms of the Trust because Scott cannot serve as trustee as a result of his brain injury.

After a hearing the trial court signed a temporary restraining order appointing Steven and Robert as successor co-trustees of the Trust. Melissa Ann Clark, Scott's daughter, then filed a plea in intervention. The trial court ordered this plea in intervention stricken on the motion of Steven and Robert. After an evidentiary hearing, the trial court signed an "Order for Issuance of Temporary Injunction" (the "Order"). Scott timely filed a notice of interlocutory appeal from the Order. Scott then filed a motion to dissolve the temporary injunction, which the trial court denied.

## II. ISSUES AND ANALYSIS

In four appellate issues, Scott challenges the Order. Even under a liberal construction of Scott's appellate briefing, Scott has not assigned error as to the trial court's denial of his motion to dissolve the Order, nor has Scott sufficiently briefed any challenge to that order. *See Lenox Barbeque and Catering, Inc. v. Metro.*

*Transit Auth. of Harris County*, 489 S.W.3d 529, 536 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## A. Does this court have jurisdiction over Scott's appeal of the Order?

Steven and Robert assert that the only part of the Order that constitutes a temporary injunction does not apply to Scott and that section 51.014(a)(4) does not provide this court with appellate jurisdiction over this appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West, Westlaw through 2021 R.S.). Steven and Robert have suggested that we lack appellate jurisdiction, and in any event we must review sua sponte issues affecting our appellate jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Thus, as a threshold matter, we examine whether we have appellate jurisdiction over the Order.

### 1. The Order's Text

In the Order, the trial court found as follows:

- Scott has suffered a severe/traumatic brain injury and has ceased to or is incapable of serving as the Trustee of the Trust, and thus there is a necessity that Steven and Robert be immediately appointed as successor co-trustees of the Trust, as allowed for by the Trust's terms, due to the imminent harm that the sole asset of the Trust—the Limeco business—is enduring, and would continue to endure, without being properly managed.

- Steven and Robert will suffer irreparable injury in that once a business lacks direction, control, management or supervision, its financial losses may not, even with time, be recoverable.

- The Limeco business is the Trust's sole asset and Steven and Robert represent two-thirds of the beneficiaries under the Trust. Thus, they have a vested interest in protecting the Trust's asset and would be irreparably injured should the Trust's asset not be properly managed by a competent trustee or successor co-trustees capable of fulfilling the duties of a trustee.

- There is no adequate remedy at law which will give Steven and Robert complete, final, and equal relief because once a business goes out of business or suffers significant losses, the damage is likely irreversible.

4

- Steven and Robert are seeking to prevent the irreparable injury to real or personal property, and therefore, they do not have to prove there is no adequate remedy at law under section 65.011(5) of the Texas Civil Practice and Remedies Code.

Based on these findings the trial court ordered as follows:

> that as a result of [Scott's] suffering a severe/traumatic brain injury he has ceased and/or is incapable of serving as Trustee of [the Trust], as such, it is ORDERED that a temporary injunction issue, operative until judgment is entered in this cause, appointing [Steven and Robert] successor co-trustees of the Trust, as allowed for under the terms of the Trust, with all of the attendant duties and powers of that position and that all employees/agents of the Trust asset (Limeco, Inc.) are hereby enjoined from hindering and/or interfering with [Steven's and Robert's] ability to manage the Trust asset.

In the Order, the trial court also fixed the amount of security to be given by Steven and Robert, and the trial court set the case for trial on the merits. We give effect to the Order's substance rather than its title or form. *See Jacobs v. Alt*, No. 14-15-00028-CV, 2016 WL 1576415, at *2 (Tex. App.—Houston [14th Dist.] Apr. 19, 2006, no pet.) (mem. op.).

## 2. Is the Order a final judgment?

In civil cases in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal to the court of appeals from a final judgment of a district or county court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West, Westlaw through 2021 R.S.). Under the general rule for determining finality, an order issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court or (2) states with unmistakable clarity that it is a final judgment. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001). In the Order, the trial court did not actually dispose of all claims and all parties before the court, nor did the trial court state with unmistakable clarity that the Order is a final

5

judgment. *See id.* Thus, under the general rule for determining finality, the Order is interlocutory.

An exception to the general rule for determining finality applies in probate cases because orders resolving certain discrete matters in probate cases may be final for purposes of appeal even though these orders do not dispose of all pending parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Crowson v. Wakeham*, 897 S.W.2d 779, 781–83 (Tex. 1995); *SJ Medical Center, L.L.C. v. Estahbanati*, 418 S.W.3d 867, 870–71 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We presume, without deciding, that this exception to the general rule for determining finality applies in today's case.[1] If a probate court's order resolves a discrete issue in the probate proceedings, then that order is deemed to be a final order from which appeal may be taken, even if the order does not dispose of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195; *Crowson*, 897 S.W.2d at 781–83. To determine whether the probate order is final on this basis, we first consider whether there is a statute specifically declaring this type of order to be the end of a particular phase of proceedings under the Estates Code. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006); *Crowson*, 897 S.W.2d at 781–83. If there is such a statute, then that statute controls; if not, the order is final if, in the order, the probate court disposed of all parties and all issues in a particular phase of the probate proceedings of which the order logically may be considered a part. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 871. Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain

---

[1] We need not and do not address whether the case pending in the probate court below is a "probate proceeding" as that term is used in the Estates Code. *See* Tex. Estates Code Ann. §31.001 (West, Westlaw through 2021 R.S.).

discrete issues." *Lehman*, 39 S.W.3d at 192. Not every interlocutory order in a probate case, however, is appealable. *See De Ayala*, 193 S.W.3d at 578.

There is no statute specifically declaring orders like the Order to be the end of a particular phase of proceedings under the Estates Code. Thus, to determine whether the Order in this case is final and appealable under the probate exception to the general rule for determining finality, we must determine (1) if there is a particular phase of the probate proceedings of which the order logically may be considered a part, and (2) if, in the Order, the probate court disposed of all parties and all issues in this phase. *See id*. at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 871. To make this determination, we examine the live pleadings contained in the record.

Presuming for the sake of argument that the claims asserted and relief sought by Steven and Robert logically are a particular phase of the probate proceedings of which the Order logically may be considered a part, in the Order, the trial court did not dispose of all parties or all issues in this particular phase of the probate proceedings. So, the Order is not a final order under the probate exception to the general rule for determining finality. *See De Ayala*, 193 S.W.3d at 578–79; *Crowson*, 897 S.W.2d at 781–83; *SJ Medical Center, L.L.C.*, 418 S.W.3d at 870–71.

No party has asserted that the Order is a final judgment, and we conclude that the Order is interlocutory. Interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

**3.    Does this court have appellate jurisdiction because the trial court appointed receivers in the Order?**

On appeal, Scott asserts that in the Order the trial court purported to

authorize Steven and Robert to take control of Limeco and manage Limeco through the "final trial setting." Scott contends that these functions mirror the duties of a receiver and that the trial court effectively appointed Steven and Robert as Limeco's receivers. Though Scott makes this argument on the merits, rather than as a potential basis for this court to exercise appellate jurisdiction over the Order, we may consider sua sponte whether we have appellate jurisdiction over the Order, and if the trial court appointed Steven and Robert as receivers, that would provide a basis for Scott's appeal of the Order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (stating that "a person may appeal from an interlocutory order of a . . . statutory probate court . . . that . . . appoints a receiver. . . ."); *M.O. Dental Lab*, 139 S.W.3d at 673. Under receivership law generally, a receiver is an officer of the court, "the medium through which the court acts. He is a disinterested party, the representative and protector of the interests of all persons, including creditors, shareholders and others, in the property in receivership." *Security Trust Co. of Austin v. Lipscomb Cnty.*, 180 S.W.2d 151, 158 (Tex. 1944); *see Rich v. Cantilo & Bennett, L.L.P.*, 492 S.W.3d 755, 760–61 (Tex. App.—Austin 2016, pet. denied). Once a trial court appoints a receiver, the receivership property is *in custodia legis*, or in the custody of the court. *See Byrom v. Penn*, No. 12-18-00335-CV, 2019 WL 2459087, at *1 (Tex. App.—Tyler May 31, 2019, pet. denied) (mem. op.). Under the unambiguous language of the Order, the substance of the Order does not involve the appointment of a receiver, and the trial court did not appoint either Steven or Robert as a receiver. *See Byrom*, 2019 WL 2459087, at *1; *Rich*, 492 S.W.3d at 760–61; *Jacobs,* 2016 WL 1576415, at *2. Therefore, this court does not have appellate jurisdiction over the order under section 51.014(a)(1) of the Civil Practice and Remedies Code based on the appointment of a receiver. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1).

**4. Does this court have appellate jurisdiction because the trial court appointed a trustee in the Order?**

In section 51.014(a)(1) of the Civil Practice and Remedies Code, the Legislature provides that "a person may appeal from an interlocutory order of a . . . statutory probate court . . . that . . . appoints a . . . trustee. . . ." *Id.* Scott has not asserted that this court has appellate jurisdiction over the Order under this provision because the trial court appointed Steven and Robert as successor co-trustees of the Trust. Nonetheless, we may consider sua sponte whether we have appellate jurisdiction over the Order on this basis. *See id*; *M.O. Dental Lab*, 139 S.W.3d at 673.

Appellate courts must construe section 51.014 of the Texas Civil Practice and Remedies Code to give effect to the Legislature's intent, but they also "strictly construe Section 51.014(a) as a narrow exception to the general rule that only final judgments are appealable." *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (quotations omitted). Under this strict construction, Texas courts have consistently construed section 51.014(a)(1) and its statutory predecessors to provide for an interlocutory appeal from an order in which the trial court appoints an original trustee but not to provide for an interlocutory appeal from an order in which the trial court appoints a successor trustee. *See In re Guardianship of Tipps*, No. 05-14-01495-CV, 2016 WL 1552007, at *2 (Tex. App.—Dallas Apr. 15, 2016, pet. denied) (mem. op.); *Haluska v. Haluska-Rausch*, No. 03-11-00312-CV, 2012 WL 254639, at *1–3 (Tex. App.—Austin Jan. 24, 2012, no pet.) (mem. op.); *Epstein v. Hutchison*, No. 01-03-00797-CV, 2004 WL 1689685, at *2–3 (Tex. App.—Houston [1st Dist.] Jul. 23, 2004, pet. denied) (mem. op.). In the Order the trial court appointed Steven and Robert as successor co-trustees of the Trust through entry of judgment in the trial court; the trial court did not appoint any person as an original trustee. Thus, this court does not have appellate jurisdiction

9

over the Order based on the part of section 51.014(a)(1) providing an interlocutory appeal from an order in which the trial court appoints a trustee. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1); *In re Guardianship of Tipps*, 2016 WL 1552007, at *2; *Haluska*, 2012 WL 254639, at *1–3; *Epstein*, 2004 WL 1689685, at *2–3.

**5.  Does this court have appellate jurisdiction over the Order under section 51.014(a)(4)?**

In section 51.014(a)(4) of the Civil Practice and Remedies Code, the Legislature provides that "a person may appeal from an interlocutory order of a . . . statutory probate court . . . that . . . grants or refuses a temporary injunction." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). This statute provides for an interlocutory appeal from an order granting a temporary injunction. *See id.* But, a person may not use an appeal under this statute as a vehicle for obtaining an interlocutory appeal of other non-appealable rulings made in the order in which the trial court grants or refuses a temporary injunction. *See Texas Dept. of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730–31 (Tex. App.—Austin 1999, no pet.). To the extent the trial court grants a temporary injunction as well as non-injunctive relief that is not appealable, this statute provides for an interlocutory appeal only from the part of the order granting the temporary injunction. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 587–88 (Tex. 2018); *Bobbitt v. Cantu*, 992 S.W.2d at 709, 711–13 (Tex. App.—Austin 1999, no pet.); *Prodeco Explor., Inc. v. Ware*, 684 S.W.2d 199, 201 (Tex. App.—Houston [1st Dist.] 1984, no writ). We base our determination as to whether the trial court granted or refused a temporary injunction in an order on the substance, character, and function of the order, not on its form or title. *See Del Valle ISD v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992); *Jacobs*, 2016 WL 1576415, at *2.

10

In their live pleading Steven and Robert sought a declaration under the Texas Declaratory Judgments Act that (1) Scott had ceased to serve or was unable to serve as trustee; (2) Steven and Robert are successor co-trustees under the terms of the Will; and (3) Steven and Robert, as successor co-trustees of the Trust, are appointed to manage the assets of the Trust so long as Scott is unable to do so. Steven and Robert also sought a temporary injunction. To appoint Steven and Robert as successor co-trustees under the terms of the Will, the trial court did not need to forbid any conduct, nor did the trial court need to command any person to take an action. *See RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (stating that "[t]here are two general types of temporary injunctions: prohibitive and mandatory. A prohibitive injunction forbids conduct, whereas a mandatory injunction requires it."). The trial court could accomplish this appointment by a declaration. Under the Order's plain text and considering the Order's substance, character, and function, we conclude that the following parts of the Order grant non-appealable, non-injunctive declaratory relief: the parts of the Order in which the trial court declares that as a result of Scott's brain injury he has ceased or is incapable of serving as Trustee of the Trust, and that until judgment is entered in this case, Steven and Robert are appointed successor co-trustees of the Trust. *See id*.; *Bobbitt*, 992 S.W.2d at 711–13. The Order is not final. Because the parties have not cited, and we have not found, any statute providing for an interlocutory appeal from these parts of the Order, to the extent that Scott appeals these parts of the Order, we dismiss the appeal for lack of appellate jurisdiction. *See Alexander Dubose Jefferson & Townsend LLP*, 540 S.W.3d at 587–88; *Bobbitt*, 992 S.W.2d at 711–13; *Prodeco Explor., Inc.*, 684 S.W.2d at 201.

Under the Order's plain text and considering the Order's substance,

11

character, and function, we conclude that the trial court granted a temporary injunction in the part of the Order in which the trial court purported to enjoin all employees or agents of Limeco, Inc. from hindering or interfering with the ability of Steven and Robert to manage the Trust asset — Limeco, Inc. (the "Temporary Injunction Part").[2] *See Alexander Dubose Jefferson & Townsend LLP*, 540 S.W.3d at 587–88; *RP&R, Inc.*, 32 S.W.3d at 400; *Bobbitt*, 992 S.W.2d at 711–13; *Prodeco Explor., Inc.*, 684 S.W.2d at 201. On appeal Scott asserts that "[t]he Order does not enjoin Scott from performing an action or compel him to perform a specific action." Scott does not assert that he is an employee or agent of Limeco whom the trial court enjoined in the Temporary Injunction Part. No evidence before the trial court or this court on appeal shows that Scott is such an employee or agent. Thus, we presume for the purposes of this opinion that Scott is not an employee or agent of Limeco whom the trial court enjoined in the Temporary Injunction Part.

Steven and Robert agree that Scott is not such an employee, and they assert that therefore this court does not have appellate jurisdiction over any part of the Order under section 51.014(a)(4) of the Civil Practice and Remedies Code. But, even though Scott is not an employee or agent of Limeco whom the trial court enjoined in the Temporary Injunction Part, the Legislature has provided that "a person may appeal from an interlocutory order of a . . . statutory probate court . . . that . . . grants . . . a temporary injunction." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). Though the person appealing a temporary injunction must have

---

[2] Rule 683 of the Rules of Civil Procedure provides in pertinent part that "[e]very order granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Tex. R. Civ. P. 683. To adjudicate this appeal, we need not and do not decide which nonparties, if any, are bound by the Temporary Injunction Part.

standing, a party has standing to appeal if the party is personally aggrieved by the rendition of the temporary injunction so as to have a justiciable interest in the controversy, even if the trial court did not enjoin the appealing party. *See SBI Invests., LLC v. Quantum Materials Corp.*, No. 03-17-00863-CV, 2018 WL 1191854, at *4 (Tex. App.—Austin Mar. 8, 2018, no pet.) (mem. op.); *Q'Max America, Inc. v. Screen Logix, LLC*, No. 01-15-00319-CV, 2016 WL 796838, at *3–4 (Tex. App.—Houston [1st Dist.] Mar. 1, 2016, no pet.) (mem. op.). Scott is the defendant in the trial court and a party to the temporary injunction. Even if the trial court did not enjoin Scott, Scott contends that he should remain the trustee of the trust and that Steven and Robert should not be appointed as successor co-trustees of the Trust. The trial court purported to enjoin all Limeco employees or agents from hindering or interfering with the ability of Steven and Robert to manage Limeco. We conclude that Scott was personally aggrieved by the rendition of the temporary injunction so as to have a justiciable interest in the controversy and that Scott has standing to appeal the Temporary Injunction Part under section 51.014(a)(4). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4); *SBI Invests., LLC*, 2018 WL 1191854, at *4; *Q'Max America, Inc.*, 2016 WL 796838, at *3–4. Therefore, we have appellate jurisdiction over Scott's appeal from the Temporary Injunction Part.

**B.     Did the trial court abuse its discretion in the Temporary Injunction Part by appointing a receiver under the guise of a temporary injunction?**

In his first issue, Scott asserts that the trial court abused its discretion by appointing Steven and Robert as receivers under the guise of a temporary injunction. Scott complains that neither the live petition nor the evidence before the trial court supported the appointment of a receiver and that the trial court did not follow the procedures required for appointing a receiver. Scott also asserts that

Steven and Robert could not properly be appointed as receivers because they are parties in this lawsuit. We presume for the sake of argument that Scott preserved error on these argument in the trial court. For the reasons discussed in section II.A.3. of this opinion, we have concluded that under the unambiguous language of the Order, the substance of the Order does not involve the appointment of a receiver, and the trial court did not appoint Steven or Robert as a receiver. *See Byrom*, 2019 WL 2459087, at *1; *Rich*, 492 S.W.3d at 760–61; *Jacobs,* 2016 WL 1576415, at *2. Therefore, we overrule Scott's first issue.

**C.** **Did the trial court abuse its discretion in the Temporary Injunction Part by granting Steven and Robert the declaratory relief they sought through a temporary injunction?**

In his second issue, Scott asserts that the trial court abused its discretion by granting the declaratory relief that Steven and Robert sough through the temporary injunction. In the Temporary Injunction Part, the trial court purported to enjoin all employees or agents of Limeco, Inc. from hindering or interfering with the ability of Steven and Robert to manage Limeco. In doing so, the trial court did not grant Steven and Robert any of the declaratory relief that they sought in their live petition. Therefore, we overrule Scott's second issue.

**D.** **Did the trial court abuse its discretion by granting the relief in the Temporary Injunction Part without evidence that an irreparable injury was imminent and without evidence that Scott was unable or ceased to serve as trustee of the Trust?**

Under his third issue, Scott asserts that the trial court abused its discretion by granting a temporary injunction without evidence that an irreparable injury was imminent and without evidence that Scott was unable or ceased to serve as trustee of the Trust. At the temporary-injunction hearing, the applicant is not required to establish that the applicant will prevail on final trial. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). To obtain a temporary injunction, a party must plead a

14

claim against the defendant, and show both a probable right to recover relief on that claim and a probable, imminent, and irreparable injury in the interim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Ryals v. Ogden,* No. 14–07–01008–CV, 2009 WL 2589429, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.).

At the temporary-injunction hearing, Melissa Ann Clark, Scott's daughter testified as follows:

- Melissa was not at Limeco when Steven and Robert showed up with the temporary restraining order issued in this case, but the Limeco office manager called Melissa immediately thereafter.

- Someone called the police based on what Scott had told them to do if Steven and Robert showed up.

- Steven and Robert have not been allowed to come into Limeco's business premises.

- After June 5, the date of Scott's injury, Scott has not been at Limeco.

- Scott was at a hospital in Clear Lake.

- At one time Scott was in a coma.

- At one point Scott was intubated.

- At the time of the hearing, Scott had not been moved to a rehab facility and that Scott was in a "care facility," which was "the in-between."

- At the time of the hearing Scott could not drive himself to Limeco's facilities.

- Melissa has never been in a position of authority to handle Limeco's affairs.

- Melissa was not running Limeco at the time of the hearing.

Melissa testified that (1) in her opinion, she believed that since his accident, her father had not ceased to serve as the trustee of the Trust; and (2) Melissa contends that Limeco's in-house accountant and Limeco's office manager were running Limeco at the time of the hearing based on a "kind of a setup for whenever [Scott]

was gone, how things would be run." Nonetheless, the trial court was free to choose which evidence to credit and which evidence to discredit, and we must view the evidence in the light most favorable to the trial court's ruling. *See Intercontinental Terminals Co., LLC v. Vopak No. Am., Inc.*, 354 S.W.3d 887, 895 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Under the applicable standard of review, we conclude that the trial court did not grant the temporary injunction without evidence that an irreparable injury was imminent or without evidence that Scott was unable or ceased to serve as trustee of the Trust. *See Ryals*, 2009 WL 2589429, at *2. We overrule Scott's third issue.

**E.     Should the Order be declared void and vacated because it does not comply with the requirements of Texas Rule of Procedure 683?**

In his fourth issue, Scott asserts that this court should vacate the Order because the trial court vacated the part of the Order setting the case for trial and has not set another trial date, which Scott contends constitutes a violation of Rule 683 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 683. Rule 683 provides in pertinent part that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial." *See id*. An order granting a temporary injunction that does not include an order setting the case for trial is subject to being declared void and dissolved. *See InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *Helix Energy Sol. Grp., Inc. v. Howard*, 452 S.W.3d 40, 44 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Though the Order includes an order setting the cause for trial on the merits with respect to the ultimate relief sought, Scott asserts that after Scott appealed the Order, the trial court vacated the part of the Order setting the case for trial. Because the trial court allegedly vacated this part of the Order, Scott contends that

16

the Order no longer complies with Rule 683's trial-setting requirement and that therefore this court should declare the Order void and order it dissolved. Scott does not cite any authority for the proposition that a temporary injunction is subject to being declared void and dissolved if the trial court vacates the part of the injunction containing an order setting the case for trial. We presume for the sake of argument that this is so. Even under this presumption Scott's complaint lacks merit because nothing in the record shows that the trial court vacated the part of the Order setting the case for trial. The only evidence Scott cites in support of this proposition is a copy of an email from the court coordinator of the trial court stating that she had taken this case off of the trial court's jury docket for the date on which the trial court set this case for trial in the Order. But, such an email from a court coordinator does not vacate any part of the Order. We overrule Scott's fourth issue.[3]

### III. CONCLUSION

Under the Order's plain text and considering the Order's substance, character, and function, we conclude that the following parts of the Order grant non-appealable, non-injunctive declaratory relief: the parts of the Order in which the trial court declares that as a result of Scott's brain injury he has ceased or is incapable of serving as Trustee of the Trust, and that until judgment is entered in this case, Steven and Robert are appointed successor co-trustees of the Trust. The Order is not final. Because the parties have not cited, and we have not found, any statute providing for an interlocutory appeal from these parts of the Order, to the extent that Scott appeals these parts of the Order, we dismiss that portion of the appeal for lack of appellate jurisdiction. Under the Order's plain text and

---

[3] Even though Scott's fourth issue lacks merit, the trial court still has an obligation to conduct a trial on the merits of this case.

considering the Order's substance, character, and function, we conclude that the trial court granted a temporary injunction in the Temporary Injunction Part and that Scott has standing to appeal the Temporary Injunction Part under section 51.014(a)(4). Having concluded that Scott's issues presented lack merit as to the Temporary Injunction Part, we affirm this part of the Order.

/s/    Randy Wilson
Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., concurring).