**Opinion filed December 31, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00292-CV

_____

### BENTON WILCOXON, Appellant

### V.

### SPARKIE PROPERTIES LLC., Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV58242**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order appointing a receiver. In two issues, Appellant, Benton Wilcoxon, appeals the trial court's order. We affirm.

*Background Facts*

In December 2021, Appellee, Sparkie Properties LLC., sued Wilcoxon and NextMetals, LTD for breach of promissory notes. On September 2, 2022, the trial

court rendered a default judgment against Wilcoxon and NextMetals, awarding Sparkie in excess of one million dollars for the amounts owed under the promissory notes plus accrued interest, postjudgment interest, court costs, and attorney's fees.

Because the judgment remained unpaid, Sparkie filed a motion seeking a turnover order in November. In its motion, Sparkie sought the turnover of certain issued and outstanding shares of NEXT-ChemX (a Nevada corporation). Sparkie alleged that the shares were owned by NEXT-ChemX Corp/TX (a Texas corporation), which was owned in part by judgment debtors Wilcoxon and NextMetals.

The trial court signed the first turnover order on December 1, 2022. The trial court ordered Equity Stock Transfer to turnover and deliver to Sparkie "all of the stock, certificates, books, records or other property of, or belonging to, or held by" Wilcoxon and NextMetals in NEXT-ChemX (Nevada), NEXT-ChemX (Texas), or any other company.

On January 10, 2023, Wilcoxon and NextMetals filed an Ex Parte Motion for a Temporary Restraining Order requesting that the trial court sign a temporary restraining order that would "restrain [Sparkie] from executing with respect to the Order covering the transfer of the stipulated shares in NEXT-CHEMX CORPORATION (Nevada) to SPARKIE for a period of fourteen (14) days from the entry of the TRO order requested herein."

On February 22, 2023, Wilcoxon and NextMetals also filed a Supplement of Information in Support of Relief Requested, which provided certain documentation including "[a] Letter from Andro AG confirming liquidation of Nextmetals, LTD assets which will provide necessary funds to settle this matter and pay the judgment ordered." On the same day, Wilcoxon and NextMetals filed a Motion to Withdraw Pleadings, in which they asked the trial court to "order that the listed pleadings be withdrawn, and to proceed to adjudicate the merits of the bill of review" that was

filed in a separate cause number. The pleadings that Wilcoxon and NextMetals sought to be withdrawn included the Ex Parte Motion for a Temporary Restraining Order filed on January 10.

Sparkie sought a second turnover order due to the termination of the stock transfer agent referenced in the first turnover order. Sparkie's application for the second turnover order included, as evidence of the judgment debtors' nonexempt property, attached exhibits and explanations of those exhibits.

The trial court signed a second turnover order on June 13, 2023. The second turnover order contained a finding by the trial court "[t]hat NEXT-ChemX Texas holds non-exempt property owned by one or more of the Judgment Debtors." It ordered NEXT-ChemX (Texas) to turn over nonexempt property owned by NextMetals, as well as corporate documents and other evidence of ownership of stock connected to NextMetals and Wilcoxon. The second turnover order also ordered Wilcoxon, NextMetals, and any third parties in possession of property of either Wilcoxon or NextMetals to turn over any records related to or evidence of nonexempt property held by either. [1]

With the judgment still unpaid in October 2023, Sparkie moved to depose Wilcoxon. The trial court granted the motion and ordered the deposition to be taken within thirty days of October 5, 2023. After being noticed with the deposition, Wilcoxon filed a Motion to Quash and for Protective Order. He asked the trial court to "quash the Notice of Deposition" and enter a protective order or "such other and

---

[1]The trial court signed a third turnover order in April 2024, after Wilcoxon filed his notice of appeal in this cause. The third turnover order required the transfer of shares of specific stock to Sparkie. Once Sparkie received those shares, it moved to sell the shares to satisfy a portion of the judgment. In August 2024, the trial court signed an order permitting Sparkie to sell the shares and for the proceeds of the sale of the shares to be released to Sparkie. In our cause number 11-24-00233-CV, NextMetals attempted to appeal the order for the sale of the shares. We determined that the order was not appealable, and we dismissed the appeal for want of jurisdiction. *See NextMetals Ltd. v. Sparkie Properties*, LLC, No. 11-24-00233-CV, 2024 WL 4457037, at *1–2 (Tex. App.—Eastland Oct. 10, 2024, no pet.) (mem. op).

3

further relief that may be awarded at law or in equity." He stated he would agree to a deposition taking place "in late November or December."

In November, Sparkie filed a motion for sanctions as well as a request for the trial court to appoint a receiver against Wilcoxon and NextMetals. The trial court signed an order on December 11, 2023, appointing Glenn A. Little, Sparkie's manager, as receiver of the estate of Benton Wilcoxon.

Wilcoxon filed a Notice of Appeal on December 20, 2023, that stated that "Wilcoxon desires to appeal the order appointing receiver as well as any final judgments in this case."

*Analysis*

Wilcoxon raises two issues on appeal. In his first issue, Wilcoxon challenges the trial court's turnover orders, asserting the trial court lacked personal jurisdiction over him and NextMetals to enter the turnover orders. In his second issue, Wilcoxon contends that the trial court abused its discretion by appointing a receiver without sufficient proof that the property was owned by him.

We review both a turnover order and an order appointing a receiver under an abuse-of-discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (turnover order standard); *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.) (receivership order standard). A trial court abuses its discretion if it acts "without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)).

*Wilcoxen's Attempt to Challenge the Turnover Orders*

"The Texas turnover statute provides judgment creditors with a procedural device to assist them in satisfying their judgment debts." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam), *superseded by statute on other grounds as stated in*

4

*Vaccaro v. Raymond James & Assoc., Inc.*, 655 S.W.3d 485, 489 n.3 (Tex. App.—Fort Worth 2022, no pet.). When an underlying judgment remains unpaid, the statute allows a judgment creditor to seek assistance from a court of appropriate jurisdiction in reaching the judgment debtor's nonexempt property. *Id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2020). Pursuant to the statute, a court may order a judgment debtor to "turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution." CIV. PRAC. & REM. § 31.002(b)(1). Alternatively, a court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." *Id.* § 31.002(b)(3).

In his first issue, Wilcoxon challenges the first two turnover orders. He contends that the trial court lacked personal jurisdiction over him, NextMetals, and the non-parties referenced in the orders. As set forth below, Wilcoxon cannot challenge the turnover orders in this appeal. In this regard, the turnover orders were appealable orders that should have been timely appealed to challenge their provisions.

Absent a timely filed notice of appeal, this court does not have jurisdiction to consider the merits of an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). Ordinarily, a notice of appeal must be filed within thirty days after the judgment or appealable order is signed by the trial court. TEX. R. APP. P. 26.1.

A turnover order that acts as a mandatory injunction is a final, appealable judgment. *Alexander Dubose*, 540 S.W.3d at 586–87 (citing *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004). A turnover order

5

functions as a mandatory injunction if it requires a party to take affirmative action. *See id.* at 587 (citing *Prodeco Expl., Inc. v. Ware*, 684 S.W.2d 199 (Tex. App.—Houston [1st Dist.] 1984, no writ) (explaining that portions of an order that require affirmative action are injunctive in nature)); *see also Kennedy v. Hudnall*, 249 S.W.3d 520 (Tex. App.—Texarkana 2008, no pet.) (declining to view an order as a mandatory injunction because it did not require the judgment debtor or transferee to take any affirmative action); *Robison v. Watson*, No. 04-20-00138-CV, 2021 WL 2117936, at *3 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.) (concluding turnover orders were in the nature of a mandatory injunction where they ordered the parties to take some affirmative action).

The first and second turnover orders both function as mandatory injunctions because they both order Wilcoxon, NextMetals, or third-party holders of their nonexempt property to turn over such nonexempt property or the documents related to it. *See Alexander Dubose*, 540 S.W.3d at 587. Because each turnover order required affirmative action by a party, they functioned as final, appealable judgments.[2] *Id.* Neither turnover order was timely appealed. The trial court signed the first turnover order on December 2, 2022, and the second turnover order on June 13, 2023. Wilcoxon did not file his Notice of Appeal until December 20, 2023, over a year after the first turnover order and 190 days after the second turnover order. The receivership order of December 11, 2023, is the only order Wilcoxon timely appealed from. *See* TEX. R. APP. P. 26.1.

Because Wilcoxon did not timely appeal either turnover order, we do not have jurisdiction to review the turnover orders. *See Wilkins*, 160 S.W.3d at 564. Thus, we do not consider Wilcoxon's challenges to the turnover orders.

---

[2]We also concluded in *NextMetals* that the trial court's turnover orders were appealable orders. 2024 WL 4457037, at *2.

Further, Wilcoxon cannot prevail on the personal jurisdictional challenges he raises in his first issue. Wilcoxon contends that the trial court lacked personal jurisdiction over NextMetals because NextMetals was not properly served as a foreign corporation. *See In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012) (A complete failure of service deprives a trial court of personal jurisdiction.). Wilcoxon also contends that the trial court did not have jurisdiction over NEXT-ChemX (Nevada) and NEXT-ChemX (Texas). However, NextMetals, NEXT-ChemX, and NEXT-ChemX are not parties to this appeal, and Wilcoxon lacks standing to assert appellate claims on their behalf.

To alter a judgment, a party must file a notice of appeal, and without filing a notice, one is not a party to an appeal. *See* TEX. R. APP. P. 25.1(c); *Brumfield v. Williamson*, 634 S.W.3d 170, 192 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). Wilcoxon is the only party that has filed a notice of appeal in this cause. "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). "Generally, a party lacks standing to assert a due process violation based on improper service of another party." *In re Guardianship of V.A.*, 390 S.W.3d 414, 418 (Tex. App.—San Antonio 2012, pet. denied); *see Sw. Const. Receivables, Ltd. v. Regions Bank*, 162 S.W.3d 859, 864 (Tex. App.—Texarkana 2005, pet. denied) ("Generally, only the entity that has not been properly served has standing to challenge the lack of due process.").

Wilcoxon complains of injuries affecting others. *See Torrington*, 46 S.W.3d at 843. He has no standing to bring personal jurisdictional challenges on behalf of NextMetals, NEXT-ChemX (Nevada), or NEXT-ChemX (Texas). Therefore, we cannot consider those claims. Further, NextMetals, though a party below, did not bring an appeal here. *See* TEX. R. APP. P. 25.1(c).

7

Wilcoxon also asserts that the trial court lacked personal jurisdiction over him because he was never properly served with process. We do not address whether Wilcoxon was properly served because he waived personal jurisdiction by entering a general appearance.

"Whether a court has personal jurisdiction over a nonresident defendant is a question of law, which we review de novo." *Zinc Nacional, S.A. v. Bouché Trucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002)). Personal jurisdiction, unlike subject matter jurisdiction, may be waived by a defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). Rule 120a of the Texas Rules of Civil Procedure allows a nonresident defendant to enter a special appearance to challenge personal jurisdiction in a Texas court without waiving the objection. TEX. R. CIV. P. 120a. Under the rule, a special appearance "shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion." *Id.* The rule requires that a specially appearing defendant "timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction." *Milacron Inc. v. Performance Rail Tie, L.P.*, 262 S.W.3d 872, 875–76 (Tex. App.—Texarkana 2008, no pet.).

Strict compliance with the rule is required, and a nonresident defendant will be subject to personal jurisdiction if he enters a general appearance instead. *Arnold v. Price*, 365 S.W.3d 455, 458 (Tex. App.—Fort Worth 2011, no pet.) (citing *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ)); *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011, no pet.). Rule 120a provides that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." TEX. R. CIV. P. 120a(1). A party enters a general appearance when he (1) invokes the judgment of the court on a question other than the court's jurisdiction, (2) recognizes by his acts that an action

is properly pending, or (3) seeks affirmative action from the court. *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (citing *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)). Ultimately, a party enters a general appearance by seeking affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson–Austin*, 968 S.W.2d at 323.

Here, Wilcoxon did not file a special appearance, nor anything that could be construed as a special appearance. *See Arnold*, 365 S.W.3d at 458. Instead, Wilcoxon repeatedly filed pleadings that constituted general appearances. In his Ex Parte Motion for a Temporary Restraining Order, he sought affirmative relief from the trial court by asking the court to prevent the transfer of shares. *See Trejo*, 142 S.W.3d at 304. In his Supplement of Information in Support of Relief Requested, he included a letter offering proof of assets which would "provide necessary funds to settle this matter and pay the judgment ordered." This language recognizes the trial court's personal jurisdiction over him, rather than contesting it. *See id.* (a party enters a general appearance when he recognizes by his acts an action is properly pending). Further, in his Motion to Withdraw Pleadings, he moved the trial court to withdraw his pleadings and sought to proceed with the merits of a separate bill of review, again seeking affirmative relief from the trial court. *Id.* Finally, in his Motion to Quash and for Protective Order, he sought affirmative relief by asking the trial court to quash the notice of deposition, and by doing so recognized the pending action by agreeing to sit for a deposition in November or December. *Id.*

Wilcoxon waived any lack of personal jurisdiction in the trial court by entering general appearances. Accordingly, we overrule Wilcoxon's first issue.

*Wilcoxen's Challenge to the Receivership Order*

In his second issue, Wilcoxon contends that the trial court abused its discretion by appointing a receiver without sufficient proof that the property was owned by him. In making this challenge, Wilcoxon references the specific shares that are

described by the two turnover orders, and he complains that Sparkie made no showing that Wilcoxon owned the shares referenced in the turnover orders. However, the receivership order is the only order Wilcoxon timely appealed from, and it does not reference the specific shares. *See* CIV. PRAC. & REM. § 31.002(h) ("A court may enter or enforce an order under [Section 31.002] that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover."). Because Wilcoxon did not appeal the turnover orders that reference the specific property, we do not address whether the trial court abused its discretion in ordering the turnover of that property. *See Wilkins*, 160 S.W.3d at 564.

Accordingly, we overrule Wilcoxon's second issue.

### This Court's Ruling

We affirm the order of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


December 31, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.